CARROLL, DONALD K., Judge.
The appellant, who is serving a 15-year sentence in the state penitentiary for breaking and entering with the intent to commit grand larceny, has appealed from an order entered by the Circuit Court for Suwannee County denying his motion to vacate his sentence and conviction alleging that at his trial he was denied his constitutional right to the assistance of counsel.
The issue before us in this appeal is whether the court correctly denied the said motion in the light of the doctrine laid down by the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, (1963) and the innumerable state and federal decisions subsequently recognizing and applying that doctrine.
The appellant’s motion to vacate was filed in the Circuit Court pursuant to the provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, which was adopted by the Supreme Court of Florida in 1963 primarily as a method of implementing the Gideon doctrine in the courts of this state.
In his said motion the appellant alleges many occurrences between the time of his arrest and his sentencing that, he claims, deprived him of his constitutional rights to the due process of law and the equal protection of the laws, but the only right covered by the appellant’s argument in his brief in this appeal is his right to the assistance of counsel. Pursuant to the provisions of Rule 3.7, subd. i of the Florida Appellate Rules, 31 F.S.A., we consider that he has abandoned the other points in this appeal. This holding, we feel, is consistent with the justice of the cause, for a fair reading of his motion reveals that his main reliance therein is upon his right to the benefit of counsel.
A few days after the appellant filed his motion in the Circuit Court for Suwannee County, that court entered a preliminary order stating that a consideration of the motion “reveals that it does not show conclusively that the movant is not entitled to relief” and directing that the State Attorney for the Third Judicial Circuit (which embraces Suwannee and other counties) to reply to the motion within thirty days, attaching thereto a copy of the indictment or information, the bench docket, and the final judgment in the cause. The order also directed the Clerk to furnish to the State Attorney the mentioned records in duplicate.
The State Attorney timely filed his reply to the appellant’s motion, attaching thereto the records required by the preliminary order. In his reply the State Attorney alleges, among other matters, that at the trial the appellant was advised of his rights to have counsel but he “freely and voluntarily entered a plea of guilty, thereby he waived the right to have counsel to represent him in said cause and at no time did the Defendant make any request of the Court, or even intimate to the Court that he wanted counsel to represent him, in the matter. * * * ” Another allegation is that the appellant “acted normal in all respects, very intelligently, advised the Court that he thoroughly understood the proceedings being held.”
The Circuit Court then entered the order appealed from herein, denying the appellant’s motion to vacate and holding: “The records in this case clearly show that petitioner’s right to counsel was fully explained to him prior to arraignment and the plea of guilty was voluntarily entered by the petitioner after having waived his right to counsel.”
We have assiduously examined the transcript of record filed in this appeal, including the papers attached to the State Attorney’s answer, and can find nothing therein that we think justifies the holding of the order quoted in the preceding paragraph, unless we were authorized to consider the allegations in the said answer as record recitations of facts occurring during the criminal prosecution. The proceedings under Criminal Procedure Rule No. 1 seem *544 to us to be essentially adversary in nature, and the allegations of neither the movant nor the representative of the State may be substituted for factual recitations missing in the official record.
In our opinion, the problem posed in this appeal can be resolved by applying the key provision of Criminal Procedure Rule No. 1, which reads as follows: “Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.” Literally and grammatically, this key provision seems to mean that, if the motion or the files of the case or the records of the case show that the prisoner is entitled to relief (at least to the extent of not conclusively showing the contrary), the court must grant a prompt hearing on the motion. The last clause of the quoted provisions (that at the hearing the court shall “determine the issues and make findings of fact and conclusions of law” with respect to the motion) necessarily contemplates that at that hearing a full opportunity will be afforded to the prisoner, or his legal representative, to present evidence in support of the allegations in the motion, and a similar opportunity to the prosecuting attorney, if he sees fit, to present evidence to the contrary. In no other way could the said hearing comport with the requirements of due process of law; and in no other way can a basis legally be provided for the court to “determine the issues and make findings of fact and conclusions of law” with respect to the motion, as required in the key provision quoted above. In a later provision of the said Rule No. 1, however, it is declared that the court “may entertain and determine such motion without requiring the production of the prisoner at the hearing.” Under the latter provision, read together with the said key-provision quoted above, even if the court determines that the production of the prisoner at the hearing is not required, the court must give a full opportunity to the prisoner’s legal representative to present evidence in support of the motion.
In its preliminary order, discussed above, the court correctly ruled: “A consideration of this Motion reveals that it does not show conclusively that the movant is not entitled to relief.” Between the date of the entry of this preliminary order and the date of the entry of the order appealed from, denying the said motion, the only paper filed in the cause was the State Attorney’s answer to the said motion, together with the attachments to the answer. As we held earlier in this opinion, nothing in those attachments, as well as nothing else in the files and record of this case, indicates (much less conclusively shows) that the movant is entitled to no relief. As we also held above, the only thing in the record that contravenes the charges in the motion that the appellant was deprived of his right to counsel is the answer filed by the State Attorney, and, as we further held, the allegations contained therein cannot be used as the sole basis for denying a motion for post-conviction relief under Criminal Procedure Rule No. 1. A prosecutor’s allegations, not supported by the record, must be allowed to be proven by competent, substantial evidence at the hearing before the court, just as the allegations of the prisoner’s motion, unsupported by the record, must be allowed to be proven by such evidence at that hearing, in order that the court may lawfully “determine the issues and make findings of fact and conclusions of law” with respect to the motion, as required in the above-quoted key provision of Rule No. 1. No distinction in our jurisprudence is more fundamental than that between “allegata” and “probata.” Compare our holding in the recent case of Horton v. State, 170 So.2d 470 (1965), in which we held that a prisoner’s letter to the judge and certain reports of parole officers were not a part of “the files and records of the case” within the contemplation of those words in the said key provision of Rule No. 1.
*545 Accordingly, the order appealed from herein should be and it is reversed and the cause is remanded with directions to hold a hearing on the appellant’s said motion as contemplated by Criminal Procedure Rule No. 1 and as is consistent with the views expressed in this opinion.
Reversed and remanded with directions.
STURGIS, C. J., and RAWLS, J., concur.