HENDRY, Judge.
The defendant was charged in a two count information, dated May 18, 1960, with breaking and entering and grand larceny. On January 26, 1966, approximately five and one-half years later, the court appointed the public defender to represent the defendant. On the same date, defendant was arraigned in open court, at which time he entered a plea of not guilty and waived trial by jury. On March 7, 1966, upon motion of the state, the court dismissed the breaking and entering charge and accepted the defendant’s change of plea to guilty as to the charge of grand larceny. The defendant was thereupon adjudicated guilty and sentenced to a term of three and one-half years in the state penitentiary.
On December 27, 1966, pursuant to the provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, the defendant filed with the trial court a handwritten motion to vacate the judgment and sentence. Among the grounds for relief relied upon in the motion were the following allegations: (1) that a period of five and one-half years had elapsed between the time of filing of the information and the date of trial and sentence, which delay deprived the defendant of his constitutional right of due process of law, and (2) that the appointed counsel failed to set up a defense for the defendant, though such counsel knew that defendant was incapable of making an intelligent plea or waiver because of his lack of education.
The trial court denied relief, reciting in its order
“ * * * [T] he Court having examined the motion and finding that the allegations contained therein do not constitute legal grounds for granting a New Trial or release of the prisoner, and the motion is insufficient in substance to support the relief prayed. * * * ”
Defendant has appealed, presenting for our determination the propriety of the lower court’s denial of the relief sought.
One of the contentions for reversal relied upon by the defendant is that the lower court erred in refusing to grant a hearing, pursuant to the mandates of Criminal Procedure Rule No. 1, at which the defendant might testify with regard to the allegations contained in his motion, and so that the trial court might adequately determine the issues and make findings of fact and conclusions of law with respect thereto.
From our examination of the record on appeal, it appears that the defendant’s motion was presented to the lower court by the assistant state attorney, and was ruled upon at a hearing at which neither the defendant nor his counsel were present. Viewing this procedure in the light of the record and the rule enunciated in the case of Kelly v. State, Fla.App.1965, 175 So.2d *231 542, we are of the opinion that the trial court committed reversible error.
Accordingly, the order appealed is reversed and .the cause is remanded with directions to hold a hearing upon appellant’s motion in accordance with the rule in Kelly v. State, supra.
Reversed and remanded with directions.