MANN, Chief Judge.
This appeal is taken from summary denial of a motion for post-conviction relief. We hold that Hill was entitled to an evi-dentiary hearing on his allegations.
Hill was convicted of armed robbery in Hillsborough County and appealed. This court affirmed on authority of Jones v. State, Fla.App.2d 1961, 128 So.2d 754. The record before us at that time presented solely the question of sufficiency of the evidence of Hill’s identity as the robber. He claims to have been in Illinois at the time of the crime. After our affirmance, Hill filed a petition for post-conviction relief pursuant to Rule 3.850, CrPR, 33 F.S. A., adequately asserting a violation of Dickey v. Florida[1] in the State’s failure to bring him speedily to trial, a deprivation of the effective assistance of counsel and violations of his right to confrontation of witnesses.
The case bears some resemblance to Ross v. State,[2] in which we found that a prior appeal was inadequately argued by appointed appellate counsel. No cases were cited to this court on the prior appeal in this cause, but Hill’s case differs from Ross’s in one significant respect. Although we by no means preclude the right to assert ineffective appellate counsel, the matters which Hill asserts were not developed in the record in both the trial court and this court, and may be more appropriately developed upon evidentiary hearing before the trial judge.[3]
Reversed and remanded.
HOBSON and BOARDMAN, JJ., concur.

. 1970, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26.

. Fla.App.2d 1973, 287 So.2d 372.

.West v. Louisiana (5th Cir. 1973), 478 F.2d 1026, presently pending on rehearing en banc.