PER CURIAM.
This is an appeal from a summary denial, without a hearing, of appellant’s motion filed pursuant to Rule 3.850, R.Cr.P., in which he claims ineffective assistance of counsel.
The principal grounds relied upon the motion are that on May 20, 1974 appellant, charged with four felonies in a four-count information, appeared without counsel for trial thereon. Appellant had previously been represented by two different private attorneys each of whom had extracted a fee and then filed withdrawals. On that day, upon a showing of indigency, the public defender was appointed and immediately announced he was ready for trial. Trial indeed commenced the following day, May 21, 1974, resulting in appellant’s conviction.
Clearly, of course, there may well be facts and circumstances which would support the conclusion that the public defender was in fact prepared for trial, as he said, and that his representation was at least reasonably effective;[1] but the record does not, as required by the rule, “conclusively show” that this was so and the fact that the public defender’s participation was only for a period of twenty four hours before trial tends to negate it. Under these circumstances we think it was error summarily to deny the motion herein without a hearing.
In view whereof the order appealed from should be, and it is hereby, reversed and the cause is remanded for a hearing on the issue of whether appellant was denied his right to reasonably effective counsel.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.

. It now seems clear that the “farce and mockery” standard in these cases has been abandoned, at least as to court-appointed counsel. It is sufficient for post conviction relief that an aggrieved defendant show only that court appointed counsel was not reasonably effective. Herring v. Estelle, 5th Cir. 1974, 491 F.2d 125.