**Roger Lee SHINGLETON, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary Department of Offender Rehabilitation, State of Florida, Respondent.**

**No. 76-298-Orl-Civ-Y.**

United States District Court,
M. D. Florida,
Orlando Division.

Jan. 13, 1978.

Roger Lee Shingleton, pro se.

Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

## ORDER

GEORGE C. YOUNG, Chief Judge.

This cause is before the Court on the petition of Roger Lee Shingleton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted in 1967 of robbery in the Criminal Court of Record for Orange County, Florida and was sentenced to a term of six months to twenty-five years. Petitioner filed a direct appeal with the Florida Fourth District Court of Appeal which affirmed the trial verdict without opinion.

In this Court petitioner raises three grounds for relief: (1) that the trial court erred in admitting testimony concerning some evidence claimed to be the product of an illegal search; (2) that the prosecutor made prejudicial remarks in his closing argument to the jury; and (3) that petitioner was denied the effective assistance of counsel because his court-appointed attorney met with petitioner only once prior to trial, did not file a pre-trial motion to suppress the evidence, and did not object to the alleged prejudicial remarks of the prosecutor.

A response to the petition was filed on September 20, 1976, which includes copies of the various briefs and decisions in petitioner's appeals. A reply to this response was then filed by petitioner. Perusal of the file in this case discloses that the petitioner here filed a Rule 3.850 motion to vacate his judgment of conviction and sentence with the Circuit Court of Orange County, Florida, asserting incompetency of counsel at his trial and that as a consequence he was denied the effective assistance of counsel in violation of his Sixth Amendment rights. The motion was denied on September 2, 1974 by the State Circuit Judge without hearing and without reasons for either the denial or the failure to grant a hearing. Thereafter the plaintiff appealed to the Fourth District Court of Appeal of Florida and one of the grounds there asserted as error on the part of the trial court in denying the Rule 3.850 motion was the failure of that trial court to give a hearing to the plaintiff on the grounds asserted. The Fourth District Court of Appeal rendered a per curiam "Affirmed" on May 7, 1976, without stating any reasons therefor.

Rule 3.850 as adopted by the Supreme Court of Florida provides a post conviction relief remedy for prisoners convicted in the State Courts of Florida and in custody. The Rule provides in part:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of

**464**

the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto".

■ Numerous decisions by the appellate courts of the State of Florida have held that the trial court must hold an evidentiary hearing where the allegations of the motion are sufficient to raise substantial issues open to collateral attack unless the files and records of the case conclusively show that the prisoner is entitled to no relief. If a hearing is held the trial court must determine the issues and make findings of fact and conclusions of law with respect thereto. It is obvious that the only basis for not holding a hearing determining the issues and making findings of fact and conclusions of law, is in the event the files and records of the case conclusively show that the prisoner is entitled to no relief. The latter fact is a finding which the trial court must make in order to avoid the necessity of a hearing. Consequently, the denial of a Rule 3.850 motion without a hearing and without a finding that the files and records of the case conclusively show that the prisoner is entitled to no relief is not in conformity with the requirements of Rule 3.850.

. ■ In the case at bar the State trial court, as previously noted, neither held a hearing nor made a finding that the files and records. of the case conclusively show that the prisoner was entitled to no relief. Further, the Fourth District Court of Appeal in its per curiam one word affirmance, shed no light on why the trial court was affirmed in its denial without hearing and without other findings of plaintiff's motion for post conviction relief.

While this Court could and in the absence of State action must finally determine the issues raised, it would seem more in conformity with the principles of comity if the State court would initially determine the contentions raised by the plaintiff here, in compliance with Florida Rule 3.850. In the case of *Kelly v. State of Florida*, 175 So.2d 542 the First District Court of Appeal of Florida held that Criminal Procedure Rule No. 1 (the forerunner of the present Rule 3.850) in requiring a hearing "necessarily contemplates that at that hearing a full opportunity will be afforded to the prisoner, or his legal representative, to present evidence in support of the allegations in the motion, and a similar opportunity to the prosecuting attorney, if he sees fit, to present evidence to the contrary. *In no other way could the said hearing comport with the requirements of due process of law*; . . ." (emphasis added)

The Court concludes therefore that based on Florida law as set forth in *Kelly v. State of Florida, supra,* the plaintiff here was denied due process of law by the failure of the State courts to either give him a hearing on his Rule 3.850 motion or to fully explain in accordance with said Rule, why such a hearing was not required.

In view of the foregoing this Court will refrain from issuing a final order on the application for a writ of habeas corpus until the appropriate State courts have had an opportunity to give further consideration and action on the plaintiff's Rule 3.850 motion as filed in 1974. The respondent should advise this Court within sixty (60) days from date hereof what, if any, action has been forthcoming.