355 So.2d 777 (1978)
Anthony ANTONE, Appellant,
v.
STATE of Florida, Appellee.
No. 50240.
Supreme Court of Florida.
February 16, 1978.
Angelo M. Ferlita of Diecidue, Ferlita & Prieto, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Charles Corces, Jr., Asst. Atty. Gen., Tampa, and T. Edward Austin, Jr., State's Atty., Jacksonville, for appellee.
PER CURIAM.
Anthony Antone was convicted of first degree murder and sentenced to death by the trial judge. He appealed his conviction to us pursuant to Article V, Section 3(b)(1), Florida Constitution, and Section 921.141(4), Florida Statutes (1975).
Subsequent to the filing of this appeal, the prosecuting attorney filed a motion to supplement the record with information which had not previously been revealed either to him or to the defendant. The substance of the information is that the Florida Department of Criminal Law Enforcement apparently paid substantial fees to the attorneys for Ellis Marlowe Haskew, a co-defendant who negotiated a plea and became the State's principal witness against Antone. In light of this new information, Antone has requested that we remand the case to the trial court for a determination as to whether a new trial should be granted.
Antone contends that the State's failure to reveal the information during the course *778 of pre-trial discovery constitutes a violation of the continuing duty to disclose imposed by Florida Rule of Criminal Procedure 3.220(f), and that the withholding of this information from the defendant resulted in a denial of due process under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. Antone asserts that the newly-discovered facts explain Haskew's interest in testifying against Antone, that they bear on the issue of Haskew's credibility since they refute Haskew's statements to the jury that he received nothing from the State other than the benefit of his negotiated plea, and that they are so "materially favorable" to Antone's case that a revelation of those facts might have led to a different result at his trial.
In Williams v. Dutton, 400 F.2d 797, 800 (5th Cir.1968), the Fifth Circuit Court of Appeals said:
"It is now clear that Brady imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence."
The record shows that defense counsel assiduously sought all relevant data from the State concerning Haskew's bargain, that this bargain was brought out before the jury in an endeavor to discredit Haskew's testimony, and that Haskew's credibility was a dominant issue, if not the dominant issue for the defense, in Antone's trial. The record also shows that the case against Antone was developed in large part through efforts of the Department of Criminal Law Enforcement, and that officers of that department directly participated in the prosecution. If the alleged fee payments were in fact made to Haskew's attorneys, then even though the prosecuting attorney was not aware of that fact, the Department was. Just as there is no distinction between different prosecutorial offices within the executive branch of the United States government for purposes of a Brady violation,[1] there is no distinction between corresponding departments of the executive branch of Florida's government for the same purpose.
It is necessary to ascertain whether the information concerning fees for Haskew's attorneys is accurate, and, if so, whether a Brady violation occurred in this case that is sufficient to warrant a new trial for Antone. In considering the latter issue, the trial court should be guided by materiality standards defined by the United States Supreme Court in United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 392 (1976).
This case is remanded to the trial court for the purpose of determining whether there is a factual basis for the information allegedly withheld by the State, and, if so, whether it is so "materially favorable" to Antone's defense as to require that a new trial be granted. In view of the fact that the alleged Brady violation may necessitate a new trial, it would be pointless for us to pass upon the merits of Antone's appeal at this time.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).