PER CURIAM.
Richard D. Capshaw appeals the summary denial of his motion to vacate sentence for the crime of robbery. He contends that the record does not conclusively show that he is entitled to no relief.
We agree with appellant and reverse.
In his motion appellant alleged ineffective assistance of counsel because his appointed attorney failed to inform him that he may have lacked mens rea which could be asserted as a defense, and did not inform *430 the court that appellant was too sedated to intelligently plead guilty to the charge.
The trial judge summarily denied the motion on the basis of a transcript of the plea hearing and the medical records compiled upon appellant while he was hospitalized in the psychiatric wing of Polk General Hospital following a suicide attempt.
The record reveals that appellant’s plea of guilty was taken two days after his discharge from the hospital, and that several different types of tranquilizing drugs were administered to him while he was hospitalized. Valium, Tofranil, Artane and Mellaril were prescribed for administration to appellant after his discharge.
At the plea hearing appellant’s drugged condition was not brought to the attention of the trial judge nor did the judge inquire into appellant’s sobriety, although at one point appellant himself asked if his tranquilizers were to be continued.
We find that the record does not conclusively refute appellant’s allegations. An evidentiary hearing is therefore required to determine the bearing of appellant’s condition on his ability to make a knowing, intelligent and voluntary decision to enter his plea, and the effectiveness of his counsel under the circumstances. See Merritt v. State, 165 So.2d 245 (Fla.2d DCA 1964); Fla.R.Crim.P. 3.850.
Reversed for further proceedings consistent with this opinion.
SCHEB, A. C. J., and OTT and DAN-AHY, JJ., concur.