PER CURIAM.
Defendant, Henry Pitts, appeals his convictions for involuntary sexual battery and aggravated battery.
Defendant primarily argues as reversible error the refusal of the trial court to require the prosecution to disclose “favorable” evidence to the defense thereby denying him due process of law.
Prior to trial, defendant filed a motion demanding that the prosecution disclose sworn statements made to the prosecutor by prosecution witnesses Wright and Brant which allegedly contained “favorable” evidence. Except for the victim, Wright and Brant were the only witnesses who placed the defendant in the area at the time of the criminal episode. The trial court held an in camera inspection of these statements and then denied defendant’s request for production thereof.
In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the U.S. Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request results in a violation of due process where the evidence is material either to guilt or punishment. Brady imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence. Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968); State v. Drayton, 226 So.2d 469 (Fla. 2d DCA 1969). With respect to what constitutes “favorable” evidence, the court in State v. Gillespie, 227 So.2d 550 (Fla. 2d DCA 1969) explained:
“But such duty to disclose does not require the prosecution, on demand, to meticulously ‘comb its files for bits and pieces of evidence which conceivably could be favorable to the defense.’ It does require however, that the prosecution be ever alert to its true responsibility in the premises. The bounds of this responsibility are difficult to accurately presence, but the best guidelines we have found were laid down by the Maryland court in State v. Giles, and were subsequently cited with approval by Mr. Justice Brennan in Giles v. Maryland:
‘As we see it, the prosecution should disclose to the defense such information as it has that may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory, and where there is doubt as to what is admissible and useful for that purpose, the trial court should decide whether or not a duty to disclose exists.’
Thus, given the initial duty to disclose, the ‘favorable evidence’ we are talking about is really that evidence which a reasonably skilled prosecutor should know could be fairly and probably used to advantage by the accused on the issues of guilt or punishment.” 227 So.2d at 556.
Thus, the production of police reports, statements given by witnesses to the prosecution and other documents are required only where such information may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory. See State v. Johnson, 284 So.2d 198 (Fla.1973).
Defendant specifically lists four instances with respect to Wright and three instances with respect to Brant where their statements to the prosecutor were inconsistent with their testimony at trial. After reviewing the trial transcript and the statements of Wright and Brant to the prosecutor, we find no material inconsistencies. To say that such inconsistencies would tend to substantially impeach the credibility of Wright and/or Brant or lend credibility to defendant’s version of events would be highly speculative at best. The information sought by defendant not being probably material and exculpatory, we find no abuse of discretion on the part of the trial court in denying defense request for production. Thus, this point must fail.
We also considered defendant’s second point on appeal and conclude no reversible error has been made to appear.
Affirmed.