362 So.2d 688 (1978)
Henry L. PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1230.
District Court of Appeal of Florida, Second District.
September 8, 1978.
As Modified September 20, 1978.
RYDER, Judge.
Appellant moved to vacate the sentence given him after a plea of guilty, alleging that his appointed counsel was ineffective and that his plea was involuntary. The trial judge denied the motion without attaching any portion of the record or file and without holding an evidentiary hearing to determine the veracity of appellant's allegations.
If, as is the case here, a motion to vacate sentence addresses matters which can be raised in a collateral attack, and alleges facts which, if true, would entitle a prisoner to relief, then the judge reviewing the motion must attach that portion of the case file or record which conclusively shows that the prisoner is entitled to no relief, or grant an evidentiary hearing. See Fla.R. Crim.P. 3.850. Neither action was taken by the court below. The cause is, therefore, REMANDED to the trial court under a temporary relinquishment of jurisdiction with instructions (a) to attach that portion of the case file and record which refutes appellant's allegations; or (b) to conduct an evidentiary hearing and, then, either grant or deny the relief sought by appellant.
GRIMES, C.J., and SCHEB, JJ., concur.