370 So.2d 85 (1979)
Arlen Kim LESLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-351.
District Court of Appeal of Florida, Second District.
April 27, 1979.
*86 PER CURIAM.
Appellant's motion to vacate, set aside, or correct his sentence, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, was summarily denied by the trial court. We affirm in part and reverse in part.
If a motion to vacate alleges facts which, if true, would entitle a prisoner to relief, then the judge reviewing the motion must attach to his order denying the motion that portion of the record which conclusively shows that the prisoner is entitled to no relief, or he must hold an evidentiary hearing. Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978).
Appellant made two allegations: (1) that his plea was involuntary because he was heavily sedated on the morning of his plea hearing, and (2) that his court-appointed counsel was ineffective in that he failed to inform appellant that he had a possible defense of lack of mens rea. These allegations, if true, would entitle appellant to the relief sought. Capshaw v. State, 362 So.2d 429 (Fla. 2d DCA 1978).
The portions of the record provided by the trial judge refute the first allegation. The trial court's summary denial of the motion is therefore affirmed as to that allegation. However, there is nothing in the record before this court which refutes appellant's allegation of ineffective assistance of counsel. The cause is therefore remanded for an evidentiary hearing on that allegation.
HOBSON, Acting C.J., and OTT and RYDER, JJ., concur.