378 So.2d 105 (1980)
Jerry Buck GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-211/T4-51.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
*106 COBB, Judge.
The appellant, Jerry Buck Gunn, was convicted by jury trial in 1966 of robbery and sentenced to twenty years imprisonment. An unsuccessful appeal from that conviction was taken.
In 1977 Gunn filed a pro se motion to vacate pursuant to Fla.R.Crim.P. 3.850, which was summarily denied without hearing. No portion of the files and records was attached to the order. Instead, the order recited that the trial court "has carefully studied the Motion and the files and records in the case and finds that they conclusively show the prisoner is entitled to no relief." The order does not purport to find the motion legally insufficient on its face. See, e.g., State v. Reynolds, 238 So.2d 598 (Fla. 1970) and Clements v. State, 340 So.2d 1183 (Fla. 4th DCA 1976).
The state argues that the motion sets forth grounds relating only to pre-trial matters, such as denial of speedy trial and improper line-up, which should have been raised on direct appeal. Therefore, the state contends that the motion was facially defective and properly denied.
We believe a fair reading of this pro se motion raises the issue of effective assistance of counsel at trial. The motion sets forth in extenso the alleged pre-trial errors  i.e., improper line-up, denial of speedy trial  and also specifically asserts that "denial of effective assistance of counsel prevented these facts, matters and grounds to be on appeal ..."
Denial of effective assistance of counsel at trial or plea is an issue appropriate for collateral relief. Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978); Robinson v. State, 352 So.2d 936 (Fla. 1st DCA 1977); Chambers v. State, 337 So.2d 845 (Fla. 2d DCA 1976); Hill v. State, 297 So.2d 58 (Fla. 2d DCA 1974); Lay v. State, 224 So.2d 369 (Fla. 4th DCA 1969).
This cause, therefore, is remanded to the trial court under a temporary relinquishment of jurisdiction, for forty-five days, with instructions (a) to attach that portion of the case file and record which refutes appellant's allegations; or (b) to conduct an evidentiary hearing and, then, either grant or deny the relief sought by appellant.
REMANDED WITH INSTRUCTIONS.
DAUKSCH, C.J., and SHARP, J., concur.