380 So.2d 1198 (1980)
Steve GUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2484/T4-23.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Chief Judge.
This case began by the Appellant, without an attorney, filing a motion under Rule 3.850, Florida Rules of Criminal Procedure, seeking collateral relief from the judgment. He sought to have his conviction of robbery vacated and a new trial because he says he was denied effective assistance of counsel.
It is the duty of trial courts in these cases to follow the dictates of Rule 3.850, Florida Rules of Criminal Procedure, and either hold an evidentiary hearing to determine if relief should be granted or if the case file and record conclusively show the petitioner is entitled to no relief, then to deny relief in an order specifically setting out the reasons for the denial and attaching the appropriate case file and record. Neither was done in this case. Because Appellant is now represented by counsel, upon remand, an amended petition may be filed if counsel deems advisable, even though we find Appellant's pro se petition to be legally sufficient.
The order denying Appellant's motion under Rule 3.850, Florida Rules of Criminal Procedure, is reversed and this cause is remanded for further proceedings consistent herewith. Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978).
REVERSED AND REMANDED.
UPCHURCH and SHARP, JJ., concur.