**John P. DOUGHERTY, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**

**No. 79–93–Orl–Civ–Y.**

United States District Court, M. D. Florida, Orlando Division.

June 24, 1980.

John P. Dougherty, pro se.

Jim Smith, Atty. Gen. of State of Florida, Dept. of Legal Affairs, Daytona Beach, for respondent.

## MEMORANDUM OPINION

GEORGE C. YOUNG, Chief Judge.

This cause is before the Court on the petition of John Dougherty for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, indicted for second degree murder, was tried by a jury and convicted of the lesser included offense of manslaughter. Petitioner now contends that his conviction was improperly obtained and asserts as grounds in support thereof that the prosecution failed to disclose evidence favorable to petitioner, and that he was tried and convicted by an unfair and prejudiced jury. This Court's ruling contained herein with respect to the first ground raised by petitioner renders it unnecessary for the court to consider petitioner's claim of unfair or prejudiced jury at the present time.

Petitioner raised both grounds presently being asserted in a Rule 3.850 motion filed in state circuit court. The motion was denied, without a hearing, on July 29, 1977. The denial was affirmed per curiam without opinion on May 9, 1978. Thus, it appears that petitioner has satisfactorily exhausted his state remedies with respect to both grounds raised in his petition.

Petitioner's first challenge to his conviction in state court is that the prosecution failed to disclose the identity of a witness that would have given testimony favorable to petitioner and his defense of self defense. In support of this claim petitioner alleges that the prosecution was aware of two witnesses, Mr. and Mrs. McCully, that had spoken with state investigators and gave statements to them that corroborated petitioner's claim that he shot the victim in self defense. Petitioner's brief filed in support of his Rule 3.850 motion in state court contained the following allegation:

"But NOW after all time has passed and trial and appeal are over it has been found that the prosecuting attorney knowingly and willingly withheld the name of this witness from the defendant because MR. JAMES HART, the prosecuting attorney knew that this witness would be of help to the defendant. On or about four days before the trial the State's Attorney's investigator (named Jack) went to the home of this witness and asked them questions of the events that happen the night of the offense was to have taken place. After finding that this witness would be of help to the defendant the investigator told this witness that they would not be needed at trial. The defendant did not know of this witness at all. The defendant made a motion of discovery before the trial but the state never gave us the name of this witness or would be witness. The prosecutor was in GREAT MISCONDUCT in withholding this name of a would be witness from the defendant. Had this witness been at the trial the defense would have use Joan M. Dougherty also as a witness and the outcome for sure would have been no conviction." (emphasis in original).

The motion was denied without a hearing by an order entered on July 29, 1977, in which the state circuit judge stated that "the files and records in this case conclusively show that the prisoner is entitled to no relief."

■ This Court has previously held that Florida law requires the trial court to "hold an evidentiary hearing where the allegations of the motion are sufficient to raise substantial issues open to collateral attack unless the prisoner is entitled to no relief." *Shingleton v. Wainwright*, 451 F.Supp. 462, 464 (M.D.Fla.1978). It is unquestionable that, with respect to the first ground raised by petitioner (the suppression by the prosecution of evidence favorable to the defendant after request has been made for same), the petition sets forth a claim of a violation of due process that is subject to being raised by way of collateral attack to the conviction. *See Brady v. Maryland*, 373

U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968); *Antone v. State*, 355 So.2d 777 (Fla.1978); *Pitts v. State*, 362 So.2d 147 (Fla. 3d D.C.A. 1978). Thus, Florida law and due process as interpreted by this Court in *Shingleton, supra*, required an evidentiary hearing in this case unless the record conclusively showed that petitioner was not entitled to relief. However, the unsupported statement of the Circuit Judge in his order denying petitioner's motion that "the files and records in this case conclusively show that the prisoner is entitled to no relief" fails to comply with due process under Florida law as enunciated by hereinafter cited cases.

■ Several recent Florida decisions have held that if a motion to vacate filed pursuant to Rule 3.850 alleges facts which, if true, would entitle the prisoner to relief, then the judge considering the motion must either hold an evidentiary hearing on the issues raised therein or must attach to his order denying the motion that portion of the record which conclusively shows the prisoner to be entitled to no relief. *See Gunn v. State*, 378 So.2d 105, 106 (Fla. 5th D.C.A. 1980); *Lesley v. State*, 370 So.2d 85, 86 (Fla. 2d D.C.A. 1979); *Payne v. State*, 362 So.2d 688 (Fla. 2d D.C.A. 1978). In the absence of either action by the trial court a reviewing court is without information as to the precise issues considered and as to the evidence determined by the court to be dispositive of the allegations contained in the motion. Thus, in the present case, absent a finding by the state court that the evidence allegedly suppressed by the prosecution was either immaterial or that there was sufficient evidence in the record to rebut petitioner's contention, with appropriate citation to such evidence, this Court is unable to determine upon what basis the Rule 3.850 motion was denied.

■ This Court has the authority to determine and, in the absence of state action, must finally determine the issues raised in the present petition. However, "it would seem more in conformity with the principles

of comity if the state court would initially determine the contentions raised by the plaintiff here, in compliance with Florida Rule 3.850." *Shingleton, supra,* at 464.

▮ Based upon the recent decisions of Florida appellate courts cited above, it is the finding of this court that petitioner was denied due process of law by the failure of the Circuit Court to either grant petitioner an evidentiary hearing on the question of prosecution's alleged suppression of evidence, or to attach to the order denying the motion to vacate that portion of the files and records which rebut petitioner's allegation. This court will refrain, however, from issuing a final order on the application for writ of habeas corpus until the appropriate state courts have had an opportunity to give further consideration and action on petitioner's Rule 3.850 motion as filed in 1977.

The respondent should advise this Court within sixty (60) days from date hereof what, if any, action has been forthcoming.