SHARP, Judge.
The appellant filed a pro se motion under Florida Rule of Criminal Procedure 3.850 seeking relief from the judgment and sentence and addressing matters which can be raised in a collateral attack. He sought to have his convictions of aggravated battery and burglary vacated and to have a new trial because he alleged he was denied effective assistance of counsel. The appellant’s motion is legally sufficient and, if true, would entitle him to relief.
Where the motion is legally sufficient on its face, it is the duty of the trial court to comply with Florida Rule of Criminal Procedure 3.850 by holding an eviden-tiary hearing to determine if the relief should be granted. However, if the case file and record conclusively show petitioner is entitled to no relief, then the court should deny relief in an order specifically setting out the reasons for the denial, and it should *448 attach portions of the case file and record to sustain its determination. Neither action was taken by the court below. Therefore the order denying appellant’s motion under Florida Rule of Criminal Procedure 3.850 is reversed, and this cause is remanded to the trial court with instructions within 60 days to (a) attach that portion of the case file and record which refutes appellant’s allegations or (b) conduct an evidentiary hearing on appellant’s allegation of ineffective assistance of counsel. Gunter v. State, 380 So.2d 1198 (Fla. 5th DCA 1980); Lesley v. State, 370 So.2d 85 (Fla.2d DCA 1979); Payne v. State, 362 So.2d 688 (Fla.2d DCA 1978). If the trial judge is unable to conduct such hearing, the chief circuit judge shall reassign the case.
REVERSED and REMANDED for further proceedings.
ORFINGER and COBB, JJ., concur.