400 So.2d 461 (1980)
Everett W. RICE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-776.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
Everett W. Rice, pro se.
Jim Smith, Atty. Gen., Tallahassee and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant's pro se motion under Rule 3.850, Florida Rules of Criminal Procedure, alleges that his plea of guilty in the trial court was involuntarily given. He alleges the plea resulted from a bargain with the State that in return for his plea, he would receive a sentence of thirty to sixty days in prison. Instead, he alleges, he was sentenced to fifteen years, and was not permitted to withdraw his plea.
The trial court summarily denied the motion without an evidentiary hearing and without attaching to the order those portions of the record which conclusively show that petitioner is entitled to no relief. Rule 3.850, Fla.R.Crim.P.
The allegation that the sentence violated the plea bargain and was thus so involuntary as to require the court to permit petitioner to withdraw his plea is facially sufficient. Brown v. State, 245 So.2d 41 (Fla. 1971); Davy v. State, 356 So.2d 18 (Fla. 4th DCA 1978). Since the record before us does not conclusively show that appellant is entitled to no relief, we are compelled to reverse the order and remand the cause so that the trial judge may either attach to the order those portions of the record which conclusively show that appellant is entitled to no relief, or grant an evidentiary hearing. Gunter v. State, 380 So.2d 1198 (Fla. 5th DCA 1980); Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978).
*462 The State says petitioner's prior attempt to gain a reduction in sentence under Rule 3.800, Florida Rules of Criminal Procedure, should preclude him from now seeking relief under Rule 3.850. We have been furnished with a copy of the motion and of the order denying the reduction of sentence. A review of the motion clearly indicates that it only requested mitigation and was not based on any claim of illegality. As such, it was addressed to the court's discretion and should not serve to estop petitioner from filing a motion under Rule 3.850.
REVERSED and REMANDED for further proceedings consistent herewith.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.