400 So.2d 525 (1981)
Gregg John DeSANTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-655.
District Court of Appeal of Florida, Fifth District.
June 17, 1981.
*526 Gregg John DeSantis, in pro. per.
No appearance for appellee.
DAUKSCH, Chief Judge.
This matter is before us to review an order denying relief requested under Florida Rule of Criminal Procedure 3.850. We have said over and over what is required under that rule and with a reading of the rule itself it is quite apparent the order denying relief requires "In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively show that the prisoner is entitled to no relief shall be attached to the order." Rule 3.850, Fla.R. Crim.P. Benton v. State, 401 So.2d 1114 (Fla. 5th DCA, 1981) [1981 F.L.W. 765]; Rice v. State, 400 So.2d 461 (Fla. 5th DCA, 1980); Brown v. State, 390 So.2d 447 (Fla. 5th DCA 1980); Battle v. State, 388 So.2d 1323 (Fla. 5th DCA 1980); Gunter v. State, 380 So.2d 1198 (Fla. 5th DCA 1980); Gunn v. State, 378 So.2d 105 (Fla. 5th DCA 1980).
The motion of appellant is sufficient on its face and seeks to correct what appellant says is an illegal sentence under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). The fact that appellant, proceeding without a lawyer, says he is entitled to relief under Florida Rule of Criminal Procedure 3.800 (rather than 3.850), does not give the court authority to deny a request to correct an illegal sentence both because Rule 3.800(a) gives the trial court the authority to at any time correct an illegal sentence and because the court can on its own decide the proper rule to use to correct the sentence. In this case the most proper rule would be Rule 3.850 because it requires the court to correct the illegal sentence.
The appellant has furnished us with a copy of a judgment which shows he was sentenced to two years imprisonment and three years probation for the crime of grand theft. If this is the judgment and sentence in this case, as it appears to be, then appellant is entitled to immediate relief. Therefore we reverse the order denying relief and remand this matter to the trial court for further consideration. We also note the order denying relief fails to "include a statement that the movant has the right to appeal ... the order" as required in the rule.
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.