399 So.2d 1106 (1981)
Frank Henry STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-535.
District Court of Appeal of Florida, Fifth District.
June 24, 1981.
*1107 Frank Henry Stephens, pro se.
No appearance for appellee.
SHARP, Judge.
The appellant filed a motion under Florida Rule of Criminal Procedure 3.850 seeking relief from the judgment and sentence and addressing matters which can be raised in a collateral attack. He sought to have his conviction for robbery with a weapon vacated on several grounds including the involuntariness of the guilty plea. The appellant's motion is legally sufficient and, if true, would entitle him to relief.
Where the motion is legally sufficient on its face, (as is appellant's allegation that the guilty plea was not voluntarily entered), it is the duty of the trial court to comply with Florida Rule of Criminal Procedure 3.850 by holding an evidentiary hearing to determine if the relief should be granted. However, if the case file and record conclusively show petitioner is entitled to no relief, then the court should deny relief in an order specifically setting out the reasons for the denial, and it should attach portions of the case file and record to sustain its determination. Neither action was taken by the court below. Therefore, the order denying appellant's motion under Florida Rule of Criminal Procedure 3.850 is reversed, and this cause is remanded to the trial court with instructions within sixty (60) days to (a) Attach that portion of the case file and record which refutes appellant's allegations or (b) conduct an evidentiary hearing on appellant's allegation that the guilty plea was not voluntary. Gunter v. State, 380 So.2d 1198 (Fla. 5th DCA 1980); Lesley v. State, 370 So.2d 85 (Fla. 2d DCA 1979); Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978).
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.