PER CURIAM.
Roberts appeals the lower court’s denial of his motion brought under Florida Rule of Criminal Procedure 3.850. In his 3.850 motion, he challenged the adequacy of his prior convictions for sexual battery and burglary along with the concomitant judgments and sentences entered thereon contending (1) that he had been denied his Sixth Amendment right to counsel at a pretrial identification procedure; (2) that his Fourth Amendment rights had been violated, and (3) that the appellant had been denied effective assistance of counsel. The appellant had previously appealed his judgments and sentences in which we affirmed the lower court in a per curiam decision without opinion. Roberts v. State, No. NN-100 (Fla. 1st DCA, March 24, 1980) (opinion unpublished). The lower court in its order found all three points to be meritless without referring to any independent hearing conducted on these issues or without attaching any relevant portion of the record which would support its conclusions.
We affirm the trial court as to the first two grounds as those issues should have been raised on direct appeal. See Thomas v. State, 399 So.2d 533 (Fla. 1st DCA 1981).
The third ground concerning the appellant’s denial of effective assistance of counsel could not be raised on direct appeal. See State v. Barber, 301 So.2d 7 (Fla.1974). This allegation, pertaining primarily to the conduct of appellant’s counsel in failing to file a pretrial motion to suppress certain evidence which appellant alleged was illegally seized, was sufficiently detailed, as required by Knight v. State, 394 So.2d 997, 1001 (Fla.1981).
Accordingly, the lower court’s order denying the appellant's 3.850 motion as to that ground is reversed and the cause is remanded for further action. On remand, the lower court shall either (a) attach any portion of the record which refutes the appellant’s allegation, or (b) conduct an evi-dentiary hearing. Fla.R.Crim.P. 3.850. See also Stephens v. State, 399 So.2d 1106 (Fla. 5th DCA, 1981).
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.