ROBERT P. SMITH, Jr., Chief Judge.
Williams appeals from the trial court’s order denying him post-judgment relief, Fla. R. Cr. P. 3.850, from his conviction for murder in the first degree and life sentence. Williams’ motion complained that he was denied effective assistance of counsel in that Eighth Circuit Public Defender Parla-piano, who withdrew from the representation at trial on request by Williams, and by leave of court, allegedly failed to contact Williams’ parents as potential witnesses. The public defender stood by to assist Williams, at request of the trial court, while Williams conducted his own defense at his own request.
In denying the 3.850 motion the trial court erroneously held that the claim of ineffective counsel could and should have been raised on Williams' direct appeal, in which this Court affirmed the conviction. See State v. Barber, 301 So.2d 7 (Fla. 1974) and Roberts v. State, 402 So.2d 1343 (Fla. 1st DCA 1981). Yet the court properly denied the motion, both because it lacks specific allegations of the exonerating testimony Williams intimates his parents might have given and because the partial trial transcript exhibited with the motion details the circumstances under which the public defender withdrew and convincingly refutes the general allegation of pre-trial incompetent representation by counsel. As for Williams’ allegation that counsel had not “contacted” his parents, Williams’ pretrial complaint to that effect was no more specific than his 3.850 motion. Counsel upon withdrawing cited Williams’ refusal to discuss with him possible defenses, and Williams, though given an opportunity to do so, did not deny counsel’s recital of his diligent pre-trial representation. There is no claim that Williams was denied the opportunity at trial to call his parents or any other exculpatory witness.
*1219 The 3.850 motion was without merit, and the trial court’s order is
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.