SCHEB, Judge.
After pleading guilty in 1981 to two third-degree felonies, Winnis Lofton was convicted and sentenced to two concurrent five-year terms of imprisonment. He has now filed a motion for post-conviction relief alleging that his plea was improperly induced because the state had promised he would receive no more than two years imprisonment. After considering the record including the transcript of the hearing on Lofton’s plea, the trial court summarily denied the motion. The trial judge, however, failed to attach such portion of the record or file which would conclusively refute Lof-ton’s allegation as required by Florida Rule of Criminal Procedure 3.850.
We issued an order directing the trial court to either set Lofton’s motion for an evidentiary hearing or enter a supplemental order and attach thereto those portions of the record which would conclusively refute Lofton’s allegation. See Fla.R.App.P. 9.140(g); Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978).
The trial court has now furnished us with a transcript of the proceedings the court reviewed in which Lofton withdrew his plea of not guilty and entered a plea of guilty. We have examined it and find that it conclusively shows that the state made no such promises as alleged by Lofton. However, during the hearing on Lofton’s plea, the assistant state attorney informed the court that the state considered that the two counts to which Lofton pled guilty were a single transaction and that the maximum sentence to be imposed would be five years. The court recognized this and informed Lofton that he would be sentenced to a maximum five years. Instead, the court sentenced Lofton to two concurrent five-year terms of imprisonment. This was error.
Accordingly, we reverse the denial of Lofton’s motion for post-conviction relief and direct the trial court to strike one of the five-year sentences that it imposed.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.