PER CURIAM.
Anthony Antone petitions this Court for a writ of habeas corpus, appeals from the trial court’s denial of post-conviction relief under Florida Rule of Criminal Procedure 3.850, and seeks a stay of execution. We deny all relief.
There have been several appellate proceedings concerning the conviction of Antone for first-degree murder and his sentence of death. In Antone v. State, 355 So.2d 777 (Fla.1978), this Court, without passing on the merits of Antone’s appeal, remanded for an evidentiary hearing concerning an alleged Brady violation. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In Antone v. State, 382 So.2d 1205 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980), this Court affirmed, on the merits, Antone’s conviction and sentence. In Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981), Antone was a party to a petition for habeas corpus which alleged the improper use of non-record sentencing information by the Supreme Court of Florida. This petition was denied. In Antone v. State, 410 So.2d 157 (Fla.1982), this Court denied a petition for writ of coram nobis and a petition for habeas corpus, and affirmed an appeal from a denial of rule 3.850 relief. Finally, in Antone v. Strickland, 706 F.2d 1534 (11th Cir.), cert. denied, — U.S. -, 104 S.Ct. 511, 78 L.Ed.2d 699 (1983), the Eleventh Circuit Court of Appeals affirmed the United States District Court’s denial of Antone’s petition for habeas corpus relief.
In his habeas corpus petition, Antone seeks to revisit the identical issue presented to this Court in Brown v. Wainwright concerning the alleged improper use by this Court of non-record information. This issue has been disposed of by this Court in Brown and by the Eleventh Circuit Court of Appeals in Antone v. Strickland. We decline to revisit this issue.
In his petition for rule 3.850 relief, Antone asserts that his death sentence *961 should be vacated on two grounds: (1) that he had ineffective assistance of counsel in the penalty phase of his trial, and (2) that the Florida death penalty statute, section 921.141, Florida Statutes, is unconstitutional because it excluded non-statutory mitigating circumstances between July 1976 and July 1978. Neither of these grounds has any merit. Again, both were addressed by this Court in petitioner’s prior post-conviction relief proceeding. See Antone v. State, 410 So.2d 157 (Fla.1982). We are being asked to revisit issues we have previously disposed of, and we decline to do so.
The petition for writ of habeas corpus is denied and the order of the trial court denying Antone’s motions for rule 3.850 relief is affirmed. The motion for stay of execution is denied, and no motions for rehearing will be entertained.
It is so ordered.
ALDERMAN, C.J., and BOYD, OYER-TON, McDonald, EHRLICH and SHAW, JJ., concur.