THOMPSON, Judge.
John Philip Husman appeals the denial of his amended motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Husman previously appealed his convictions for two counts of sexual battery on a child under twelve. This court affirmed Husman’s convictions without opinion. Husman v. State, 553 So.2d 1183 (Fla. 5th DCA 1989) (per curiam affirmed). In his post-conviction motion, Husman alleges that his trial counsel was ineffective because his counsel failed to object to, or to move in limine to prevent, the admission of evidence that Husman was a nudist who participated in nudist activities. We affirm.
Rather than review the trial record and attach portions for appellate review, the trial court conducted an evidentiary hearing. See Brown v. State, 390 So.2d 447 (Fla. 5th DCA 1980). At the hearing, the trial judge heard the testimony of the assistant state attorney who prosecuted the case and Husman’s trial attorney.[1] The trial counsel explained to the court his trial tactics concerning evidence of Husman’s practice of nudism. In denying Husman’s motion, the trial court found that evidence of Husman’s nudist activity was relevant because it involved the victim, that a timely objection to this evidence could have been lawfully overruled, and, therefore, that Husman failed to demonstrate prejudice by his counsel’s decision not to object.
The benchmark for determining any claim of ineffectiveness is whether counsel’s conduct so undermined the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). In the instant case, we are unable to conclude that Husman’s trial counsel was ineffective for failing to move in limine to exclude or to otherwise object to evidence of Husman’s nudist activities. Husman’s attorney explained that he made a tactical decision to use Husman’s practice of nudism in a positive manner to show why Husman and the child had been seen nude together and to demonstrate that it was their ordinary course of life. We note that Husman did not complain about his attorney’s motives during his attorney’s representation in his first and second trials or in his direct appeal. Under these circumstances, Husman has failed to show that his trial counsel’s tactical decisions amounted to ineffective assistance of counsel. See Knight v. State, 394 So.2d 997, 1001 (Fla.1981).
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.

. Husman's attorney, who was privately retained, represented Husman during two trials and his appeal on the merits of the case.