# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

Nos. 3D15-20 & 3D13-1453
Lower Tribunal No. 10-29468

————————————

**Carlos Sanchez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Roberta G. Mandel, Special Assistant Regional Counsel, for appellant (3D13-1453); Carlos Sanchez, in proper person (3D15-20).

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before SHEPHERD, LAGOA and EMAS, JJ.

EMAS, J.

In these consolidated appeals, Carlos Sanchez appeals his judgment and sentence,[1] following a jury trial, on the charge of attempted second-degree murder. Sanchez raises four issues on appeal, two of which warrant no further discussion. As to Sanchez's claims that the trial court erred in denying Sanchez's pretrial motion to dismiss or exclude evidence based upon the State's alleged destruction of (or failure to produce) a urine toxicology report, we find that the record below supports the trial court's conclusion that no such report ever existed.[2] Further, even if such a report did exist, the trial court properly determined that the report was never in the actual or constructive possession of the State.[3] Given the absence

---

[1] In case number 3D13-1453, Sanchez is represented by Criminal Conflict and Civil Regional Counsel and appeals his judgment and sentence. During the pendency of that appeal, Sanchez filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). That motion was denied by the trial court, and a notice of appeal was filed (case no. 3D15-20). Regional Counsel was appointed to represent Sanchez on that appeal as well, but filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and sought to withdraw. We find no merit in the issues raised in case number 3D15-20 and affirm without further discussion.

[2] The victim was transported to the hospital after the incident in question. The physician who treated the victim at the hospital ordered several tests, including both a blood test and a urine screen. A blood test was performed, a report was prepared, and that report was provided to the defense. However, there is nothing in the record to indicate that the urine screen was actually performed or that, if performed, a report was ever prepared or provided to the State. Further, a hospital records custodian later certified that no such urine screen report exists.

[3] We reject the contention that, because the hospital in question received funding from Miami-Dade County, possession by the hospital should be imputed to the State. Compare Gorham v. State, 597 So. 2d 782 (Fla. 1992) (holding that the state attorney is charged with constructive knowledge and possession of evidence

of any evidence that the report in question ever existed or (if it did exist) was ever in the State's possession, or that the State was ever aware of the results of any such test, the trial court properly denied Sanchez's motion to dismiss or to exclude evidence.

Affirmed.

---

withheld by other state agents such as law enforcement officers); Antone v. State, 355 So. 2d 777 (Fla. 1978) (holding that evidence in the possession of the FDLE, a law enforcement agency that participated directly in the investigation and prosecution, was imputed to the state attorney).