362 So.2d 465 (1978)
Lester JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1140.
District Court of Appeal of Florida, Second District.
September 15, 1978.
DANAHY, Judge.
Appellant filed a motion to vacate his sentence under Fla.R.Crim.P. 3.850. In that motion he alleged that a prior conviction was invalid under Gideon v. Wainwright[1] and that the trial court had used the prior conviction to enhance his sentence in this case.
The trial court denied appellant's motion without an evidentiary hearing. We reverse. If the allegations contained in the motion are true,[2] appellant is entitled to be resentenced without reference to the prior conviction. Wolfe v. State, 323 So.2d 680 (Fla.2d DCA 1975). Accordingly, we remand the case so that the trial court may hold an evidentiary hearing to test the truth of appellant's allegations.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[2] We have reviewed the transcript of the sentencing hearing, and we can find nothing which refutes appellant's allegations. In fact, we note that the court made a specific reference to appellant's prior conviction.