PER CURIAM.
Defendant appealed from an order denying his motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. We issued an order to show cause requiring a response by the State of Florida primarily because of our concern whether the inquiry made by the trial judge at the time of Bryant’s plea of guilty to the offense of rape properly took into account his mental condition.
*381 We were concerned about the additional inquiries said to be required in cases where defendant’s mental condition is in question as in Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973), and cases therein cited. In Siel-ing, supra, the court pointed out that a determination that a defendant is competent to make the waiver of constitutional rights necessary for a plea of guilty cannot necessarily be presumed from the fact that he has been determined mentally competent to stand trial, where his competency has been put in issue. The following portion of the court’s opinion makes clear the additional burden placed upon the trial judge in accepting a guilty plea in such cases:
“. . . In the typical case — that is, when the defendant’s sanity or mental capacity has not been put in issue — the determination of the validity of the waiver by the defendant can be assessed with an assumption that he is mentally capable of making the weighty decisions involved in giving up his right to counsel, cross-examination, trial by jury, or his privilege against self-incrimination. However, where a substantial question of a defendant’s mental capacity has arisen in a criminal proceeding, it is logically inconsistent to suggest that his waiver can be examined by mere reference to those criteria we examine in cases where the defendant is presumed competent, since in the latter cases no inquiry into the defendant’s mental capacity to make the waiver is made. Cf. Pate v. Robinson, 383 U.S. 375, 384, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). If a defendant who can be presumed competent pleads guilty, a court can assess the adequacy of his waiver by examination of the objective evidence in the record, such as the advice given him by the court as to the nature of the charge, the waivers resulting from the plea and the sentencing prospects, as well as the defendant’s statements or responses made in open court. Where the question of a defendant’s lack of mental capacity lurks in the background, however, the same inquiry, while still necessary, fails to completely resolve the question of whether the defendant can prop-
erly be said to have had a ‘rational, as well as a factual, understanding’ [Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Schoeller v. Dunbar, 423 F.2d 1183, 1184 (9th Cir. 1970)] that he was giving up a constitutional right. Cf. Rees v. Peyton, 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966).” (Sieling v. Eyman, Opinion page 214)
The Sieling court also relied upon Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966), for the proposition that where a defendant’s competency has been put in issue, the trial court must look further than to the usual “objective” criteria in determining the adequacy of the constitutional waivers required for a guilty plea.
We have examined Sieling v. Eyman and the authorities therein cited, and have conducted a review of the record in this cause which was considered by the trial judge at the time of entry of the order denying defendant’s Rule 3.850 motion and conclude that the order under review here should be affirmed. We notice significant distinctions between this case and Sieling. In that case all three of the court appointed psychiatrists expressed the opinion that at the time of the alleged crimes, Sieling was insane under the applicable M’Naghten standard. Only two of them were of the opinion that he was then able to understand the proceedings and to assist counsel in his defense. Here, there is no evidence that Bryant was insane at the time of the offense. Also, there is no evidence in this record that he was ever adjudged incompetent, or declared insane, although he had received psychiatric treatment prior to the offense. It is revealed that defendant was of very low intelligence, would be classified as a low moron or imbecile, and that he did have a mild degree of mental illness involving periodic psychotic episodes. However, the psychiatrists were of the opinion that his type of mental condition did not impair his ability to adjust in life, know the difference between right and wrong, or to understand and be capable of cooperating with counsel in the proceedings.
*382 In Bryant’s case the examination by the psychiatrists, the sanity hearing, and his plea of guilty, all took place within a short period of time. Dr. Moore examined him ,on July 8, 1969; he testified at the sanity hearing on July 16; and defendant entered his plea of guilty on July 18, 1969. Dr. Ingram examined defendant on July 14 and testified at the sanity hearing on July 16. The presiding judge at the sanity hearing was the same judge who accepted defendant’s plea of guilty. From the record we are satisfied that the trial judge was in as good a position as anyone could be at the time of entry of the plea to determine defendant’s mental capacity and ability to understand the nature and seriousness of his plea of guilty. This is particularly so in view of the fact that defendant’s mother was also present and questioned regarding the plea, and the two women who were victims of the rape incident also testified, as well as another witness who had contact with the victim immediately thereafter. The entire proceeding before the trial court could hardly be said to be a “rushed” or superficial proceeding as it has been characterized by defendant. Although it might be conceded that the inquiry made by the trial judge was lacking in several respects in comparison to the detailed inquiries now required by case law and our criminal rules (Rule 3.172, Florida Rules of Criminal Procedure; Cf. Williams v. State, 316 So.2d 267 (Fla.1976)), we are satisfied that all constitutional requirements were met.
The order appealed from is accordingly affirmed.
ROBERT P. SMITH, Jr., Acting C. J., and ERVIN and LARRY G. SMITH, JJ., concur.