405 So.2d 474 (1981)
Milton A. VAN BEVER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1162.
District Court of Appeal of Florida, Fifth District.
October 28, 1981.
Milton A. Van Bever, in pro. per.
No appearance for appellee.
COBB, Judge.
Without conducting an evidentiary hearing, and without attaching any portion of the case file or record, the court below denied Van Bever's motion[1] to set aside his plea and sentence. The issue in this case is whether Van Bever alleged a prima facie ground for relief.
Because no portion of the record was attached to its order of denial, the trial court impliedly found the motion legally *475 insufficient on its face,[2] for when the motion is facially sufficient, the trial court must either attach that portion of the case file or record which conclusively shows that the prisoner is not entitled to relief, or must grant an evidentiary hearing. Meeks v. State, 382 So.2d 673 (Fla. 1980); Gunn v. State, 378 So.2d 105 (Fla. 5th DCA 1980); Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978). Though his motion lacks the artfulness of an attorney's hand, Van Bever alleges two prima facie grounds for relief from the plea and sentence. "Ground Two" alleges that at the time of the plea, Van Bever's counsel informed him that he was not "completely ready" for trial, the implication being that Van Bever involuntarily pleaded guilty out of fear that his attorney would be unprepared at a trial. The trial court could have adequately rebutted this allegation of involuntariness by attaching a portion of the record that indicated Van Bever was satisfied with the work of his attorney. "Ground Three" establishes a second prima facie basis for relief: according to Van Bever, and the record before this court does not indicate otherwise, he was sentenced on a count that was nolle prossed by the state. Such sentence would be void and subject to collateral attack, even though not raised on appeal. Van Bever's two remaining allegations do not establish prima facie grounds for relief.
This cause is remanded to the court below so that it may either (1) attach that portion of the case file and record which conclusively refutes Van Bever's prima facie allegations; or (b) conduct an evidentiary hearing and, then, either grant or deny the requested relief.
REMANDED WITH INSTRUCTIONS.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] The motion was made pursuant to Florida Rule of Criminal Procedure 3.850.
[2] Additionally, it should be noted that in any order which summarily denies relief, the trial court should set forth the basis of its ruling with sufficient specificity to facilitate appellate review. See Committee Note, Fla.R.Cr.P. 3.850. By failing to set forth the basis for its denial, the trial court departed from the spirit of the rule and hindered appellate review. This deficiency is not unique to the present case. See, e.g., Collins v. State, 382 So.2d 418 (Fla. 5th DCA 1980). Compare Brown v. State, 404 So.2d 157 (Fla. 5th DCA 1981) [Affirmed trial court's denial of relief where grounds were explicitly enumerated].