409 So.2d 129 (1982)
Jeffrey BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-465.
District Court of Appeal of Florida, Fifth District.
January 27, 1982.
*130 Terrence J. McWilliams and John H. Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, James Dickson Crock and Richard B. Martell, Asst. Attys. Gen., Daytona Beach, for appellee.
COBB, Judge.
Brown appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief in which he alleged his counsel provided ineffective assistance.[1] Because Brown alleged a prima facie ground for relief,[2]i.e., ineffective assistance of counsel,[3] the trial court erred by denying the motion without conducting an evidentiary hearing or without attaching relevant portions of the file and record. See Fla.R.Crim.P. 3.850. This cause is therefore remanded for sixty (60) days in order for the trial court to either (1) attach that portion of the file and record that conclusively refutes the two meritorious allegations, or (2) conduct an evidentiary hearing to determine whether Brown's motion to suppress was meritorious and whether his counsel ever contacted him regarding his defense prior to trial.[4]Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981); Wade v. State, 402 So.2d 534 (Fla. 5th DCA 1981); Benton v. State, 401 So.2d 1114 (Fla. 5th DCA 1981); Stephens v. State, 399 So.2d 1106 (Fla. 5th DCA 1981).
REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] Three motions were actually filed: the original, a supplement thereto, and an "Amended Motion to Vacate Judgment and Sentence," which incorporated by reference the allegations of the prior two.
[2] The state in effect agrees that Brown's motion establishes a prima facie ground for relief: it argues that the cause should be remanded to allow the trial judge to attach the relevant portions of the file and record. If the motion was facially insufficient, the trial judge did not err by simply denying the motion. See Fla.R. Crim.P. 3.850; Van Bever v. State, 405 So.2d 474 (Fla. 1981). We would point out, however, that even where the motion is facially insufficient, the trial court should set forth the specific basis of its ruling. See Committee Note, Fla.R.Crim.P. 3.850; Van Bever, 405 So.2d at 475.
[3] The only two allegations which establish a ground for relief are that counsel withdrew a meritorious motion to suppress and that counsel never consulted with Brown concerning his defense until the trial began. If Brown's motion to suppress would have succeeded, the act of withdrawing it, standing alone, meets the requirements of Knight v. State, 394 So.2d 997, 1000-1001 (Fla. 1981).
[4] In view of the affidavit by trial counsel (Brown has since obtained different counsel) in which he confesses his sins, though without passing on the issue, we question the continued existence of the privilege to practice law in this state when privately retained counsel voluntarily accepts a case, knowing full well his inabilities and inexperience in the matter, and then fails to sufficiently research and study the law to enable adequate representation. We leave that determination to the proper grievance authority.