421 So.2d 55 (1982)
Keith Leroy JONES, Appellant,
v.
STATE of Florida, Appellee.
No. AM-351.
District Court of Appeal of Florida, First District.
October 29, 1982.
Valerie E. Janard, Quincy, for appellant.
No Appearance for appellee.
*56 ERVIN, Judge.
Keith Leroy Jones appeals the denial of his motion for post-conviction relief. Fla.R. Crim.P. 3.850. We reverse the lower court's order and remand the cause with directions that those pages of the record below which conclusively refute Jones' allegations relating to ineffective assistance of counsel be made part of the record on appeal, or, in the alternative, if the record does not so refute the allegations, that a full evidentiary hearing be accorded Jones on the issues raised in his motion to vacate.
Appellant has alleged that he was the victim of two automobile accidents resulting in severe brain injuries causing seizures that require him to take regular doses of medication; that he was subsequently charged in a case unrelated to that now on appeal with burglary and petit theft in 1979; that based on an examination by two doctors in March, 1980, a court of law found him to be incompetent to stand trial; that the same court ordered Jones to be re-examined in six months for a determination of competency, yet he was never re-examined nor adjudicated competent to stand trial. In September, 1980 appellant was arrested for dealing in stolen property. Upon his incarceration while awaiting arraignment, Jones became involved in a fight with a cellmate, resulting in his being charged with aggravated battery.
Jones obtained private counsel, and his mother immediately advised the attorney of information casting serious doubts as to Jones' competence. According to the allegations in the motion to vacate, counsel did not investigate this information, but instead effectuated a plea bargain whereby Jones pled guilty to the lesser offense of aggravated assault, in exchange for which the state nolle prossed the charge of dealing in stolen property. At arraignment, Jones' counsel advised the court that his client was mentally competent to enter the plea and was not "presently operating under the influence of drugs or intoxicants." The court, upon determining that appellant had voluntarily entered his plea, accepted the plea. During the later sentencing proceeding, Jones' counsel allegedly changed his position by tendering certain information to the court, to the effect that Jones had taken regular doses of medication, and had never fully recovered from the automobile accidents. Although counsel then made certain arguments in appellant's behalf relating to the accuracy of a post-sentence investigation report, he was accused of ignoring a reference in the report to the prior determination of Jones' incompetency.
After sentencing, Jones' new attorney filed a motion for post-conviction relief, styling the motion as one seeking relief based upon the theory that Jones had been furnished ineffective assistance of counsel. The lower court summarily denied Jones' motion without either an explanation or an attachment of portions of the trial record refuting Jones' allegations. In so doing, the lower court has hampered our ability to review this case and departed from the spirit of Florida Rule of Criminal Procedure 3.850, noted in the accompanying "Committee Note" authored by the rule's drafters. Van Bever v. State, 405 So.2d 474, 475 n. 2 (Fla.5th DCA 1981).
Because no portion of the record was attached to its order of denial, the trial court impliedly found the motion legally insufficient on its face, for when the motion is facially sufficient, the trial court must either attach that portion of the case file or record which conclusively shows that the prisoner is not entitled to relief, or must grant an evidentiary hearing.
Id. at 474-475 (footnote omitted); see also Brown v. State, 409 So.2d 129, 130 n. 2 (Fla. 5th DCA 1982). If, however, the motion is facially insufficient, the failure to attach portions of the record refuting Jones' allegations may be excused as harmless error. See, e.g., Cowick v. State, 419 So.2d 779 (Fla.1st DCA 1982); cf. Goode v. State, 403 So.2d 931, 933 (Fla. 1981).
Thus, the determinative issue at bar is whether the motion is facially sufficient. Despite its not being specifically styled as such, the motion charges also that Jones involuntarily pled guilty due to mental *57 incompetence. The issues of ineffective assistance of counsel and an involuntary plea of guilt are inseparably intertwined; both are cognizable on a motion for post-conviction relief, LeDuc v. State, 415 So.2d 721 (Fla. 1982); Baker v. State, 404 So.2d 1151 (Fla.5th DCA 1981). Mere inconclusive allegations of mental incompetence, as in Baker, of ineffective assistance of counsel, or of an involuntary guilty plea, LeDuc, are insufficient to trigger further review by this court. However, given the detail furnished in the motion and viewing Jones' allegations as presumptively true, it is apparent to us that Jones has pointed to three specific, prejudicial circumstances requiring more than summary dismissal.
First, Jones had been adjudicated incompetent to stand trial at a time before he committed the aggravated battery and before he was brought to trial for that offense. Further, he has yet to be adjudicated competent to stand trial. Once an individual is adjudicated incompetent, it is presumed that he remains so until otherwise adjudicated, and he cannot be tried or sentenced while he remains in such condition. Livingston v. State, 383 So.2d 947 (Fla.2d DCA 1980). Because Jones had been adjudicated incompetent, and had never subsequently been adjudicated competent, we distinguish the facts in the case at bar, as well as in Livingston, from those in Bryant v. State, 373 So.2d 380 (Fla.1st DCA 1979), wherein Bryant had been examined by a psychiatrist prior to his commission of an offense but had never been adjudicated either incompetent or insane. Contrast also Ippolito v. State, 214 So.2d 637 (Fla.2d DCA 1968) (defendant adjudged sane at time of his hearing).
Second, although Jones had consumed mind altering medications at the time he entered his plea, his attorney never informed the court of this fact at such time. Inconsistently, however, at the later sentencing proceeding, he advised the court that Jones in fact had taken daily doses of drugs to control seizures resulting from the accident, and that it was his opinion that Jones "does not have the intellect to protect himself should he be placed in... [s]tate [p]rison." Notwithstanding these assertions, counsel neglected to request the court to withdraw the former plea of guilty. An attorney's failure to advise a court of a defendant's sedated condition at trial may invalidate a guilty plea as one having been made involuntarily. Capshaw v. State, 362 So.2d 429 (Fla.2d DCA 1980); see also Lesley v. State, 370 So.2d 85 (Fla.2d DCA 1979).
Third, our review of appellant's motion reveals that his allegations refer to specific omissions or overt acts by trial counsel, all of which we do not list in this opinion. The acts or omissions alluded to, and if true, suggest seriously deficient representation measurably below that of competent counsel. Further, the deficiencies were prejudicial to the point that "there is a likelihood that the deficient conduct affected the outcome of the court proceedings." Knight v. State, 394 So.2d 997, 1001 (Fla. 1981).
Because Jones' motion for post-conviction relief is specific in alleging prejudicial circumstances and facially sufficient, we REVERSE the lower court's denial of appellant's motion for post-conviction relief. We REMAND so that the lower court may either attach pages from the record of the trial proceedings that conclusively refute Jones' allegations of an involuntary plea, mental incompetence, and ineffective assistance of trial counsel, or, if the record does not contradict those allegations, that the court conduct an evidentiary hearing directed to such issues.
MILLS and WIGGINTON, JJ., concur.