PER CURIAM.
This appeal is from the summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised two points in the motion. Appellant alleges that although a presentence investigation was a condition of a plea agreement, no report was submitted to the trial court prior to his sentencing. He also asserts that he entered an involuntary plea because he did not understand the significance of pleading guilty to offenses involving the use of a firearm. He contends that he did not personally possess a firearm during the commission of the crimes to which he pled. These allegations, if true, would entitle appellant to relief. The trial court, however, failed to either conduct an evidentiary hearing or attach portions of the record which refute those allegations.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to .the allegations specified, and attach to its order those portions of the record which conclusively show he is not entitled to relief or hold an evidentiary hearing and then rule on the grounds alleged in the above portion of the motion. See Florida Rule of Criminal Procedure 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982) and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review any aggrieved party must appeal the new ruling of the trial court.
REVERSE AND REMAND.
HOBSON, A.C.J., and SCHEB and RYDER, JJ., concur.