HOBSON, Acting Chief Judge.
Leroy Colts appeals an order denying a motion for clarification/rehearing concerning two motions for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For purposes of clarity, we shall treat the two Rule 3.850 motions as one.[1] We affirm in part, reverse in part, and remand.
Appellant raised the following allegations in the Rule 3.850 motions concerning ineffective assistance of counsel at trial which, if true, would entitle him to relief:
Appellant asserted that his trial counsel erred in successfully moving to consolidate unrelated cases for trial so that the state could ask him only once about his past criminal record. Supposedly, his attorney thought that his record included a prior felony conviction. Appellant, however, claimed that he repeatedly told his counsel that he did not have any prior felony convictions. After trial, his attorney purportedly acknowledged this alleged fact.
Appellant also alleged that his trial counsel erred in failing 1) to move to suppress testimony and evidence gathered from a search and seizure ruled illegal at a pretrial hearing; 2) to move to have his arrest ruled illegal because the information upon which it was based had been ruled the product of the illegal search; and 3) to question witnesses at trial who had given depositions regarding information gained from some of the illegally seized records.
Further, appellant alleged that his trial counsel erred in failing 1) to object to the state’s motion at trial to introduce a code-fendant’s deposition inculpating appellant; and 2) to object to the state’s failure to file affidavits attesting to the codefendant’s inability to appear at trial.
*354 As to the aforementioned allegations concerning ineffective assistance of counsel at trial, the judges involved failed to either conduct an evidentiary hearing or attach portions of the record refuting the allegations. Therefore, we reverse the denial of appellant’s motion as to the aforementioned claims. On remand, the court may either summarily deny the allegations and attach portions of the record conclusively showing that he is not entitled to relief, or, hold an evidentiary hearing on the allegations and then rule on their merits. See Fla.R. Crim.P. 3.850; Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); VanBever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). We suggest, however, that the court hold a hearing since it appears that the allegations involve matters which are not refutable by the record alone. To obtain further review, appellant must appeal the new ruling of the court.
We note that the trial court correctly denied the allegations in the motions concerning ineffective assistance of counsel and judicial error at the sentencing stage. A transcript of the sentencing hearing, attached by the court, unequivocally disproves these allegations.
Accordingly, we affirm in part, reverse in part, and remand for further proceedings not inconsistent with this opinion.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
DANAHY and SCHOONOVER, JJ., concur.

. Appellant’s initial Rule 3.850 motion was temporarily misplaced by court officials. Thus, appellant filed another Rule 3.850 motion which contained similar and additional allegations. Judge Swanson summarily denied the second motion, but Judge Penick later granted an evidentiary hearing as to the original motion. However,. Judge Beach, the trial judge, denied both motions after appellant moved for rehearing as to denial of the second motion. Thereafter, appellant filed a motion to resolve the confusion created by the conflicting orders. Judge Parker, the criminal administrator of the circuit, found that both motions constituted the same claim for relief. He then reaffirmed Judge Beach’s order denying relief as to either motion. Appellant then filed the instant appeal.