PER CURIAM.
Christopher Seabrook appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. He raised three points in the motion. In point one, he alleged that his conviction was obtained by an involuntary guilty plea because he was threatened with the possibility of a severe sentence if he did not plead guilty. If this allegation is true, he might be entitled to relief. The trial court, however, failed to either attach portions of the record which conclusively refute this allegation or conduct an evidentia-ry hearing.
*758 The trial court correctly denied appellant’s motion as to points two and three.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the court may either again summarily deny the motion as to the allegation in point one and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the allegation. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, appellant must appeal the trial court’s new ruling.
AFFIRMED in part, REVERSED in part, and REMANDED.
HOBSON, A.C.J., and RYDER and CAMPBELL, JJ., concur.