RYDER, Judge.
Appellant appeals the denial of his motion pursuant to rule 3.850, Florida Rules of Criminal Procedure, wherein the trial court ruled the motion had been “untimely filed.” We reverse.
Apparently, the trial court thought the two convictions for which the appellant was seeking post-conviction relief were the same convictions which were pending on a consolidated appeal at the time the motion was filed. An examination of the record indicates, however, the trial court was mistaken in this belief since the convictions on appeal involved two different cases than the two involved in the motion currently before the trial court. Thus, it seems this erroneous belief led the trial court to rule the appellant’s motion was untimely. In any event, we note that under the present Rule of Criminal Procedure an appellant may file a motion for post-conviction relief at any time. Rule 3.850, Fla.R.Crim.P.
Accordingly, we reverse. On remand, the trial court is directed to proceed as if the motion has been presented to it for the first time. The court may either summarily deny the motion, as insufficient on its face, deny the motion and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation(s) raised in appellant’s motion. See Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). To obtain further review in this cause, the aggrieved party on remand must appeal the new ruling of the trial court,
REVERSED and REMANDED.
BOARDMAN, A.C.J., and DANAHY, J., concur.