DANAHY, Judge.
These appeals are from the orders of the trial court summarily denying the appellant’s motions which requested post conviction relief under Florida Rules of Criminal *304 Procedure 3.850. Since these appeals each concern the same appellant and the same allegation raised, we have consolidated them for appellate purposes.
Initially, we observed that the appellant’s notices of appeal were not timely filed. However, he has made a sufficient showing that he was not informed of his right to appeal the denial of his Rule 3.850 motions within thirty days of the rendition of the orders. Therefore, we treat these appeals as timely filed. State ex rel. Shevin v. District Court of Appeal, 316 So.2d 50 (Fla.1975).
The sole allegation made by the appellant in each motion was that his guilty pleas were not freely and voluntarily given as the agreed-upon plea bargain was not kept. If true, this would entitle appellant to relief. The trial court, however, failed to either conduct an evidentiary hearing or attach portions of the record which refute that allegation.
Accordingly, we reverse the trial court’s denial of appellant’s motions and remand the cases to the trial court. On remand, the trial court may either again summarily deny the motions as to the allegations specified and attach to its orders those portions of the record which conclusively show appellant is entitled to no relief or hold an evidentiary hearing and then rule on the ground alleged in the motions. See Rule 3.850, Fla.R.Crim.P.; Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983). See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
Therefore, the orders of the trial court are REVERSED and the cases REMANDED for proceedings consistent with what we have said.
HOBSON, A.C.J., and SCHOONOVER, J., concur.