PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant’s singular point in his motion alleged that he was held in custody from August 27, 1981 until the time of sentence was passed down on April 5, 1982, or a total of 221 days. However, appellant was only given credit for 180 days time served. Appellant claims that he is due 41 more days of county jail time served. If this allegation is true, appellant might be entitled to post-conviction relief. The trial court, however, failed to conduct an evidentiary hearing or to attach a portion of the record which conclusively refutes appellant’s allegation.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation raised in appellant’s motion. See Florida Rule of Criminal Procedure 3.850; see also Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and VanBever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, either aggrieved party must appeal the new ruling of the trial court.
REVERSED AND REMANDED.
SCHEB, A.C.J., and DANAHY and RYDER, JJ., concur.