PER CURIAM.
This appeal is from the summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850.
Appellant alleged in his motion that the state arrested him for robbery on August 29, 1975. He maintains that he committed the offense on the same day. The state later charged him with robbery pursuant to section 813.011, Florida Statutes (1973),[1] and he pled guilty to this offense, whereupon the court imposed a life sentence.
Appellant now argues that on August 29, 1975, section 813.011 was no longer in existence because the legislature had enacted a new robbery statute, § 812.13, Fla.Stat. (1975),[2] with an effective date of July 1, *911 1975. This new statute, unlike section 813.-011, makes a distinction between armed and unarmed robbery. Appellant maintains that he should have been charged under section 812.13(2)(c) with unarmed robbery. Under this section, he could have received a maximum of fifteen years imprisonment; he could not have received a life sentence.
On the record before us, we do not truly know whether the offense was committed before or after the effective date of section 812.13. If it was committed after the effective date, it might well be that the sentence originally imposed upon appellant was proper under either section 813.011 or 812.13 if appellant was charged with armed robbery. The record reveals neither of these crucial circumstances to us. On the other hand, if appellant’s allegations are true, he may well be entitled to relief. The trial court, however, failed to either conduct an evidentiary hearing or to attach portions of the record which refute appellant’s allegations.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegations specified and attach to its order those portions of the record which conclusively show he is not entitled to relief, or hold an evidentiary hearing and then rule on the ground alleged in the above portion of the motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and SCHEB and CAMPBELL, JJ., concur.

. 813.011 Robbery defined; penalties. — Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.

. 812.13 Robbery.—
(1) “Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3)An act shall be deemed “in the course of committing the robbery” if it occurs in an attempt to commit robbery or in flight after the attempt or commission.