PER CURIAM.
This appeal is from the summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised three points in the motion. The second and third points have no merit. However, the allegation in point one, that his lawyer told him that the state would prosecute his wife if he did not plead guilty, if true, might entitle appellant to relief. The trial court, however, failed to conduct an evidentiary hearing or attach portions of the record which refute this allegation.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegation specified and attach to its order those portions of the plea hearing transcript which conclusively show appellant voluntarily pled guilty or hold an evidentiary hearing and then rule on the ground alleged in point one of the motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
Affirmed in part, reversed in part, and remanded with instructions.
BOARDMAN, A.C.J., and GRIMES and SCHOONOVER, JJ., concur.