442 So.2d 1091 (1983)
Johnnie LOFTON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2057.
District Court of Appeal of Florida, Second District.
December 21, 1983.
*1092 OTT, Chief Judge.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised several points in the motion. The allegations in paragraph 1, that appellant was misinformed about when he could expect to be paroled if he pled guilty, and that he would receive no incarceration time in exchange for a plea of nolo contendere, if true, would entitle appellant to relief. See Ramsey v. State, 408 So.2d 675 (Fla. 4th DCA 1981); Tillman v. State, 203 So.2d 46 (Fla. 2d DCA 1967). Also, the allegation in paragraph 2 that an uncounseled conviction was used to enhance his sentence, if true, would entitle him to relief. Johnson v. State, 362 So.2d 465 (Fla. 2d DCA 1978). The trial court, however, failed to either conduct an evidentiary hearing or attach portions of the record which refute those allegations.
Accordingly, we reverse in part the trial court's denial of appellant's motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegations specified, and attach to its order those portions of the record which conclusively show appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the grounds alleged in the above portion of the motion.
To obtain further review, any aggrieved party must appeal the new ruling of the trial court. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
The trial judge was correct in denying the appellant's motion as to the other points raised therein.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
BOARDMAN and DANAHY, JJ., concur.