PER CURIAM.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised two points in the motion. In Point I, he alleged that the prosecuting attorney violated the conditions of the plea agreement by failing to delete the information’s reference to a gun. In Point II, appellant asserted that the trial court erred in failing to disclose the factual portions of his presentence investigation prior to sentencing. If these allegations are true, appellant might be entitled to relief. The trial court, however, failed to conduct an evidentiary hearing or to attach portions of the record which conclusively refute appellant’s assertions.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegations and attach to its order those portions of the record which conclusively show that appellant is entitled to no relief or hold an evi-dentiary hearing and then rule on the allegations in the motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, any aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
OTT, C.J., and BOARDMAN and DAN-AHY, JJ., concur.