PER CURIAM.
Lewis Murray appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The allegation that appellant was improperly denied his right to counsel at trial, if true, might entitle appellant to relief. The trial court, however, failed to conduct an evidentiary hearing or attach portions of the record which refute this allegation.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegation and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the ground alleged in the motion. See Fla.R.Crim.P. 3.850; see also, Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review any aggrieved party must appeal the new ruling of the trial court.
REVERSED.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ„ concur.