PER CURIAM.
This appeal is from the summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant was charged with grand theft. He entered a plea of nolo conten-dere and was sentenced to five years imprisonment with credit for time served of 139 days. This sentence was to run concurrently with the sentence imposed as the result of a previous charge (failure to return a hired vehicle) for which the defendant was to serve five years with credit for time served of 459 days.
The appellant argues that the trial court indicated that he would receive credit for 459 days on both the charge of failure to return a hired vehicle and the charge of grand theft. Not receiving 459 days jail time credit on the grand theft charge, appellant claims that his plea was involuntarily given. If these allegations are true, *1140 appellant might be entitled to relief. The trial court, however, failed to attach to its order portions of the record which conclusively refute appellant’s assertions.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegations and attach to its order those portions of the record which conclusively show that appellant is entitled to no relief or hold an evi-dentiary hearing and then rule on the allegations in the motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, any aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
HOBSON, A.C.J., and SCHEB and RYDER, JJ., concur.