PER CURIAM.
Patrick Dooley appeals pro se an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm in part, reverse in part, and remand.
Dooley raises several allegations in his Rule 3.850 motion. Only two of his claims have merit, both of which relate to the issue of an involuntary plea. His first meritorious allegation is that he was under the influence of psychotropic drugs when he entered pleas of nolo contendere to the charges against him in return for concurrent terms of probation. His second meritorious assertion is that the public defender induced him to enter the pleas based upon a false promise that upon completing the jail portion of his probation terms in Hills-borough County he could return to his family and home in Indiana and serve out the remainder of his terms of probation there. If true, these claims would warrant post-conviction relief. However, the court below neither held an evidentiary hearing nor attached to its order portions of the record which definitely refute these allegations.
Accordingly, we reverse in part the order summarily denying Dooley’s Rule 3.850 motion and remand with instructions that the court below either summarily deny the motion again and, if so, attach to its order portions of the record which conclusively show that Dooley is not entitled to relief as to these claims, or conduct an evidentiary hearing in order to determine if he is entitled to redress as to these allegations. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). In all other respects, we affirm. To obtain further review, Dooley must appeal the court’s new ruling.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
OTT, C.J., and HOBSON and SCHEB, JJ., concur.