PER CURIAM.
This appeal is from the denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. The appellant asserts only one ground for relief; he alleges that he was entitled to *1159 fifty-one days’ credit for jail time served, but was given credit for only twenty-eight days. The trial judge entered an order denying the motion, reciting that the trial judge had carefully examined the motion and the file in this cause and found that the defendant had been given credit for all time served to which he was entitled.
The order entered by the trial judge, however, does not conform to the requirements of Rule 3.850. The rule states that in those instances when the denial of a motion under Rule 3.850 is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief, the trial judge is directed to conduct an evidentiary hearing and make appropriate findings of fact.
Accordingly, we reverse the trial judge’s denial of the appellant’s motion and remand the case to the trial court. On remand, the trial judge may either again deny the motion and attach to his order those portions of the record which conclusively show that the appellant is not entitled to relief or hold an evidentiary hearing and then rule on the allegations in the motion. Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). To obtain further review, any aggrieved party must appeal the new ruling of the trial judge.
REVERSED AND REMANDED.
OTT, A.C.J., and DANAHY and CAMPBELL, JJ., concur.