PER CURIAM.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant’s singular point in his motion alleges that he was denied effective assistance of counsel. He asserts that trial counsel failed to object to the court’s retention of jurisdiction over one-third of appellant’s sentence without stating with particularity the reasons for doing so. If this allegation is true, appellant might be entitled to postconviction relief. The trial court, however, failed to conduct an eviden-tiary hearing or attach portions of the record which refute this allegation.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation raised in appellant’s motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
GRIMES, A.C.J., and SCHEB and DAN-AHY, JJ., concur.