PER CURIAM.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant’s first three points in his motion were legally insufficient and were properly denied by the trial court. As to his fourth point, however, appellant alleges that the felony sentencing he received violated a plea bargain in which a felony auto theft charge was to be reduced to a misdemeanor of unauthorized use of a motor vehicle. If this allegation is true, appellant might be entitled to postconviction relief. The trial court, however, failed to conduct an evidentiary hearing or attach portions of the record which refute this allegation.
*581 Accordingly, we reverse the trial court’s denial of the above specified allegation in appellant’s motion and remand that portion of the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation raised in appellant’s motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
RYDER, C.J., and CAMPBELL and LE-HAN, JJ., concur.