PER CURIAM.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised several points on appeal, only one of which has merit. Appellant’s allegation that his judgment and sentence for false imprisonment cites the statutory section number for kidnapping, if true, might entitle appellant to relief. The trial court, however, failed to conduct an evidentiary hearing or to attach portions of the record which conclusively refute this allegation.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand to the trial court. On remand, the trial court should examine appellant’s judgment and sentence for false imprisonment to determine if appellant’s allegation is true. If, as appellant contends, the judgment and sentence does refer to section 787.01, the kidnapping statute, then the trial court must correct it to reflect the appropriate section number, section 787.02. If not, the trial court may again summarily deny the motion as to the allegation speci *1076 fied and attach to its order a copy of the judgment and sentence which conclusively shows that appellant is entitled to no relief. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, any aggrieved party must appeal the new ruling of the trial court.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
DANAHY, A.C.J., and LEHAN and HALL, JJ., concur.