SCHEB, Judge.
This appeal is from the trial court’s denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850.
Pursuant to a written plea agreement, defendant pled guilty to several offenses, including armed robbery with a firearm, second-degree arson, several counts of grand theft and burglary of a structure, battery on a law enforcement officer, resisting arrest with violence, possession of a firearm during commission of a felony, and unauthorized use of a driver’s license. The trial court sentenced him to twenty-five years in prison under the agreement’s terms.
Defendant listed several allegations in his motion. All his allegations hinge on his contention that his guilty plea was unlawfully induced and not made voluntarily. He argued that a police detective coerced him into his plea by making certain statements to him. Defendant claimed the police officer said that he was best friends with the judge and would make sure defendant received a ninety-nine year prison sentence if the defendant did not plead guilty and testify against another person.
The trial court denied defendant’s motion for post-conviction relief, because all his grounds in the motion were moot due to the written plea agreement. The court attached a copy of the written plea agreement to the order.
The written plea agreement, if voluntarily entered, would support the trial court’s denial of defendant’s motion. However, we cannot determine from the written plea agreement alone whether defendant voluntarily pled guilty.
Accordingly, we reverse the denial of defendant’s motion and remand the case to the trial court. On remand the court may summarily deny the motion as to the allegations specified, attaching to its order those portions of the record conclusively showing that defendant voluntarily pled *444 guilty, or hold an evidentiary hearing to determine defendant’s plea was voluntary. See Fla.R.Crim.P. 3.850. See also Gurchick v. State, 428 So.2d 738 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). If the trial court determines that defendant’s plea was involuntary, then it should review the defendant’s other allegations. To obtain further review, defendant must appeal the new ruling of the trial court.
GRIMES, A.C.J., and FRANK, J., concur.