PER CURIAM.
Defendant, convicted of first degree murder, appeals from the trial court’s summary denial of his motion filed under Florida Rule of Criminal Procedure 3.850. In his motion defendant contends that the state wrongly used against defendant at trial information gained from, or as a result of, a sworn statement defendant made to the police in reliance upon a plea bargain under which defendant was to plead guilty to attempted grand larceny and be sentenced to two years probation therefor in exchange for testifying against another person in the murder case. After the court had indicated its tentative approval of the plea bargain, the state withdrew from the bargain and defendant was indicted for the murder.
Defendant has raised the issue which the United States Court of Appeals for the Eleventh Circuit in a habeas corpus proceeding determined that defendant had not raised in that proceeding and therefore the issue was not before that court. Spann v. Wainwright, 742 F.2d 606 (11th Cir.1984). This is also the same issue which the dissent in that Eleventh Circuit case felt had been raised and should have entitled defendant to at least an evidentiary hearing as to “the specific facts concerning the plea bargain, the confession, and the use of information obtained by the confession at trial.” Id. at 609.
For the reasons discussed in that dissenting opinion we conclude that if defendant’s allegation were true, defendant may be entitled to relief. The trial court, however, failed to conduct an evidentiary hearing or to attach a portion of the record which conclusively refutes appellant’s allegation.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegation specified and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the allegation contained in the above portion of the motion. See Fla.R.Crim.P. 3.850; Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, either aggrieved party must appeal the new ruling of the trial court.
The trial court was correct in denying the appellant’s motion as to the other point raised therein. See Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985).
Affirmed in part, reversed in part, and remanded.
GRIMES, A.C.J., and DANAHY and LE-HAN, JJ., concur.