RYDER, Judge.
Robert G. Ogden appeals the denial of his motion for post-conviction relief. We affirm in part and reverse in part.
In April 1978, Ogden and David P. Molli-ca were convicted of the first degree murder of one Donald Mills chiefly on the testimony of codefendant Daniel Fortune. Using Ogden’s car the three drove Mills to an orange grove in Pasco Cour.iy where they robbed him and Fortune stabbed him to death.
Ogden alleges two grounds for relief: improper considerations by the jury including possible perjury by Fortune and ineffective assistance of counsel. The first allegation could have or should have been raised on appeal and is not a proper basis for post-conviction relief. The second, however, requires further consideration.
Ogden’s claim of ineffective assistance of counsel includes: (1) failure to call two defense witnesses who would have testified that Fortune’s real reason for killing Mills was because he was having an affair with Fortune’s wife; (2) failure to call a witness who would have testified Ogden had money at the time of the crime and thus had no motive for robbery; and (3) failure to bring to the court’s attention the fact that one of Ogden’s jurors was seen leaving the prosecutor’s office after the juror had been sworn.
The trial court ordered the state attorney’s office to respond to Ogden’s claims. The state asserted that Fortune’s motive was immaterial, that sufficiency of the evidence was raised on Ogden’s appeal, that Ogden’s motive was not material, and that Ogden failed to show prejudice by the alleged conduct of the juror.
The trial court accepted the state’s response and incorporated it by reference in his written order denying Ogden relief, but the court did not attach to its order any *282 part of the record below. See Fla.R. Crim.P. 3.850. The trial court found Ogden's allegations facially insufficient to warrant a hearing. We agree and affirm the trial court’s order except for the allegation pertaining to the conduct of the juror.
Ogden says that his defense counsel was told about a juror having been seen leaving the state attorney’s office after she had been selected for Ogden’s jury, but that counsel did not pursue the matter or bring it to the court’s attention after the state attorney was questioned about it and said he knew of no connection between the juror and anyone in the state attorney’s office. In its response the state argues that Ogden only raised “fodder for speculation” and had failed to allege any connection between the juror and the state attorney’s office, on any resulting prejudice.
We cannot agree. Ogden has raised the appearance of an impropriety which should have been brought to the attention of the court by his attorney. An allegation of ineffective assistance of counsel is cognizable on a motion for post-conviction relief. Jones v. State, 421 So.2d 55, 57 (Fla. 1st DCA 1982). The failure of Ogden’s counsel to pursue possible improprieties of the juror, if true, suggests deficient representation measurably below that of competent counsel likely to have affected the outcome of Ogden’s trial. Id.; Knight v. State, 394 So.2d 997, 1001 (Fla.1981).
We hold that Ogden’s allegation concerning the conduct of the juror was facially sufficient and reverse the order denying post-conviction relief, and remand this case with directions for the trial court either to hold an evidentiary hearing on Ogden’s claim, or attach to its denial order portions of the record which conclusively show that Ogden was not entitled to relief. If the trial court again denies Ogden’s motion, he must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with directions.
DANAHY, C.J., and SANDERLIN, J., concur.