PER CURIAM.
Gifford appeals from the trial court’s summary denial of his motion for post-conviction relief filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. We reverse and remand for further proceedings.
Gifford was convicted and sentenced for the commission of four armed robberies and one aggravated assault. He complains that he received four consecutive three-year minimum mandatory sentences in violation of Palmer v. State, 438 So.2d 1 (Fla.1983).
This court has previously stated that Palmer violations may be addressed by a motion filed pursuant to Rule 3.850. Lewis v. State, 502 So.2d 489 (Fla. 2d DCA 1987).
In denying Gifford’s motion, the trial court’s order includes a finding that the record “refutes defendant’s claim four different times.” Unfortunately, no supportive documentation was attached to that order, contrary to the requirement of Rule 3.850. West v. State, 455 So.2d 1158 (Fla. 2d DCA 1984); McCants v. State, 504 So.2d 30 (Fla. 2d DCA 1987).
We reverse and remand this matter to the trial court. Upon remand, the trial court is to support its order by attaching appropriate documentation conclusively exhibiting that Gifford is not entitled to relief. Failing that, the trial court shall comply with the pertinent provisions of Rule 3.850. If the trial court again denies Gif-ford’s motion, he will have thirty days to appeal that order.
Reversed and remanded.
LEHAN, A.C.J., and HALL and PARKER, JJ., concur.