PER CURIAM.
John Scott Lehman appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion alleged four grounds for relief, all of which involve the voluntariness of his plea. Although the trial judge denied the motion without an evidentiary hearing, he failed to attach portions of the record which conclusively refute Lehman’s allegations. See Johnson v. State, 523 So.2d 755 (Fla. 2d DCA 1988); Lofton v. State, 442 So.2d 1091 (Fla. 2d DCA 1983).
Accordingly, we reverse the order denying Lehman’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Lehman is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evi-dentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Lehman’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
DANAHY, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.