PER CURIAM.
This is an appeal from an order denying Owen’s second motion to withdraw guilty pleas.
On October 5, 1981, Owen entered pleas of guilty to six unrelated felonies in return for an agreed cumulative sentence of three to thirty years. He was then sentenced in Case No. 81-910; sentencing on the remaining five charges was deferred. In discussions with counsel, which resulted in the plea agreement, the trial judge made it clear that he intended to stack five three-year minimum mandatory sentences, which meant that Owen would be ineligible for parole for fifteen years.
On October 9, 1981, Owen was sentenced on the remaining five charges as the court had indicated. Upon hearing the sentence, Owen asked to withdraw his guilty pleas to all charges. The court responded by advising Owen’s counsel that he should file an appropriate motion.
On October 14, 1981, in a motion to withdraw guilty pleas, Owen asserted that his understanding of the plea agreement was that he would be eligible for parole after three years. The trial judge, in lieu of an evidentiary hearing, reviewed the transcript of the October 5, 1981, plea negotiations. He found that Owen had been present and had acknowledged that he heard what was said in regard to the proposed sentence. He then denied the motion.
In 1985 a corrected transcript was prepared which showed Owen had not been present during the critical conversations regarding the stacking of minimum mandatory sentences and that Owen’s counsel had relayed the proposed plea agreement to him in the holding cell. On November 7, 1987, after an unsuccessful federal habeas corpus attempt, Owen brought this motion to withdraw his pleas. At an evidentiary hearing on January 22, 1988, Owen and his mother both testified that Owen’s counsel had led him to believe that the minimum mandatory sentences would be concurrent and not consecutive and it was with that understanding that he agreed to plead guilty. The state offered no testimony to the contrary.
A defendant who is misinformed of his right to parole is entitled to withdraw his plea of guilty. Lofton v. State, 442 So.2d 1091 (Fla. 2d DCA 1983); Ramsey v. State, 408 So.2d 675 (Fla. 4th DCA 1981). We, therefore, vacate the judgment and sentence in Cases No. 81-912, No. 81-913, No. 81-914, No. 81-915 and No. 81-916 and remand these cases to the trial court for trial or other disposition. We decline to vacate the judgment and sentence in Case No. 81-910 because that sentence complies with Owen’s understanding of his plea agreement.
RYDER, A.C.J., and PATTERSON and BOARDMAN, EDWARD F., (Ret.) JJ., concur.