SHIVERS, Chief Judge.
Appellant appeals from the trial court’s denial of his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Appellant pled guilty to theft and burglary charges and signed a form entitled “plea of guilty and negotiated sentence” indicating, inter alia, (1) that he freely and voluntarily negotiated a sentence of 6½ years, (2) that he gave up his right to trial by pleading guilty, and (3) that he and his attorney further discussed the case and he fully understands the case and is satisfied with the services of his attorney.
Appellant filed a motion for post conviction relief which the court denied for the reason that he signed this form. The court attached this form to its order. We affirm on the authority of Oatsvall v. State, 444 So.2d 560 (Fla. 1st DCA 1984) where this court affirmed the trial court’s denial of a 3.850 motion and attached to its order a waiver and consent form showing that the appellant “was informed of his rights, knew the maximum penalty, knowingly waived the jury trial, and pled freely and voluntarily.” Id. at 561.
We note a different result may have been reached by the Second District in light of its opinion in Davis v. State, 468 So.2d 443 (Fla. 2d DCA 1985) in which it reversed and remanded the trial court’s denial of a 3.850 motion where the trial court had denied the motion stating that all the grounds in the motion were moot due to the attached, written plea agreement. The Second District held that “[t]he written plea agreement, if voluntarily entered, would support the trial court’s denial of defendant’s motion. However, we cannot determine from the written plea agreement alone whether defendant voluntarily pled guilty.” Id. at 443.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.