PER CURIAM.
Norman Leonard Black appeals the summary denial of his motion to correct an illegal sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800. Because his life sentence for one of four robberies may be illegal, we reverse.
In 1976, appellant pled guilty to four separate robberies. For one of the four robberies, circuit court case no. 75-4844, he received a life sentence to be suspended after eighteen months’ imprisonment to be followed by life probation. His probation was revoked in 1978 at which time he was sentenced to life imprisonment in ease 75-4844, and to fifteen-year sentences on the other three robberies. Appellant challenges only his life sentence.
In his motion, appellant alleged that he was indicted in case 75-7844 by a grand jury for robbery allegedly committed on September 7, 1975. The indictment attached to appellant’s motion reflects that appellant was charged pursuant to section 813.011, Florida Statutes, which was no longer in existence at the time of the alleged offense. See Smith v. State, 438 So.2d 910 (Fla. 2d DCA 1983). Appellant claims that he should have been charged under section 812.13(2)(c), Florida Statutes (1975), carrying a maximum of fifteen years’ imprisonment, rather than the life sentence he received.
Nothing in the record before us refutes appellant’s allegation that he was charged with and pled to unarmed robbery as opposed to armed robbery. If appellant was charged with and pled to armed robbery, the life sentence would be proper. If he was not charged with and did not plead to armed robbery, as is his contention, then he may be entitled to relief. Because the trial court neither conducted an evidentiary hearing nor attached portions of the record refuting appellant’s allegations, we are not in a position to evaluate his claim of an illegal sentence.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, attaching to its order those portions of the record which conclusively show appellant is not entitled to relief, or hold an evidentiary hearing. To obtain further review, any aggrieved party must timely appeal any subsequent action of the trial court.
Reversed and remanded.
DANAHY, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.