PER CURIAM.
Franklin Curtis timely appeals the denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court failed to refute Curtis’s allegation that his sentence is illegal, we reverse.
In case number 80-10642, Curtis was charged by information with armed robbery in violation of section 812.13(2)(a), Florida Statutes (1979). After pleading guilty, Curtis was placed on five years’ probation. Following a revocation of his probation, Curtis was sentenced to prison but the record before us reveals that two different sentences were imposed: a five year sentence set forth in the order of revocation and a ninety-nine year sentence according to the judgment. Curtis asserts that he pled guilty to simple robbery, not armed robbery. Therefore, he argues, the ninety-nine year sentence exceeds the statutory maximum of fifteen years for simple robbery.
An illegal sentence is one that exceeds the statutory maximum. Davis v. State, 661 So.2d 1193 (Fla.1995). Curtis has alleged that he received an illegal sentence and nothing in the record before us refutes that claim. Accordingly, we reverse the denial of Curtis’s motion. On remand, the trial court must attach portions of the record refuting this claim or, if necessary, hold a limited evidentiary hearing to determine whether Curtis was convicted of simple robbery or armed robbery. See Black v. State, 587 So.2d 595 (Fla. 2d DCA1991).
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.