HOBSON, Judge.
Defendants-appellants, Rayburn and Rancillio, were convicted on an Information charging them with armed robbery and were sentenced to serve life terms in the State Penitentiary.
On October 21, 1966, defendant Rayburn filed a motion under former Criminal Rule 1 (now Cr.P.R. 1.850) 33 F.S.A., to vacate and set aside judgment and sentence, *792 which motion was denied by the trial court without a hearing. On appeal to this court, we reversed and ordered a full evi-dentiary hearing into the allegations contained in defendant Rayburn’s motion to vacate. Rayburn v. State, Fla.App.1967, 203 So.2d 212.
On August 4, 1967, defendant Rancillio filed his own motion under former Criminal Rule 1 (now Cr.P.R. 1.850) to vacate and set aside judgment and sentence, which motion was also denied by the trial court without a hearing. Defendant Ran-cillio took an appeal from that order and we relinquished jurisdiction upon request of the trial court on October 26, 1967, for further consideration of defendant Rancil-lio’s motion to vacate. Both defendants were declared indigents and the Public Defender was directed to represent them.
The defendants had a combined hearing on their motions during November, 1967. On January 8, 1968, the trial judge entered separate orders denying each defendant’s motion on the basis of the testimony and exhibits presented at the evidentiary hearing conducted in November, 1967.
On March 6, 1968, both defendants jointly filed a notice of appeal from the January 8, 1968, orders denying their respective motions to vacate.
These two appeals were consolidated by order of this court on May 23, 1968.
The only allegations contained in each motion to vacate which might have had some merit dealt with the charge that the prosecuting attorney suppressed evidence which was vital to the defense and which, if it had been adduced at the trial, might have resulted in a different verdict.
The facts giving rise to this charge are that one Robert P. Howell was robbed shortly after 5:00 A.M. (before sunrise) on September 27, 1964.
The investigating officer’s written report on the robbery contained the following description by Robert P. Howell of the man who held the gun on him during the robbery (the other defendant being behind the wheel of the get-away car) :
“a/m approx. 5 ft 10 in, med build, approx 170 lbs, possible bad right eye, dark hair. Vehicle late model Chevrolet 4 dr dark blue in color. No pick up order made.” (emphasis added)
Both defendants were apprehended within a short time following the robbery. They were in a car similar to the one described and had in their possession (at the time they were seen and arrested) the diamond ring taken from Mr. Howell at gun point.
At the trial, Robert P. Howell, the victim and only eye-witness, positively identified Arnold Rayburn as the man who had held a gun on him and robbed him.
It is claimed that the above police report was suppressed by the prosecution and that said police report was vital to the defense because it showed the victim and only eyewitness described defendant Rayburn as having dark hair when in fact the defendant Rayburn was bald.
It is contended by appellants that this discrepancy might have resulted in a different jury verdict as the only eye-witness described the man holding the gun on him during the robbery as having dark hair and then identified a man who was bald as such person.
Photos were introduced at the eviden-tiary hearing held pursuant to an order of this court. These photos were of the defendant Rayburn and were mug shots taken on May 7, 1964, and September 27, 1964, and show the defendant Rayburn to be partially bald and are a true representation as to defendant Rayburn’s physical appearance around the time of the robbery in question.
The photos and identification slips relied on by appellants in support of their conten *793 tion that evidence was suppressed which was vital to their defense conclusively show that even though defendant Rayburn was partially bald, what hair he did have (except for some gray around the temples), was dark.
On the back of the September 27, 1964 mug shot, defendant Rayburn’s hair is described as being black-gray-bald and on the accompanying identification slip, his hair is described as being brown and gray.
The cases relied upon by appellants in support of their contentions as to the suppression of the above evidence have no application as the evidence claimed here to have been suppressed could not have had any bearing on the outcome of the trial.
It should be noted here that defendant-appellant Rancillio was granted leave of this court to file a supplemental brief in addition to the one filed by the Public Defender on his behalf. Defendant Rancillio has not filed a brief with this court arguing the additional points which he wanted considered. Therefore, such points not having been argued in any brief on file with this court and no jurisdictional or fundamental error being apparent in the record-on-appeal, said points are hereby deemed to be abandoned pursuant to Rule 3.7(i), Florida Appellate Rules, 32 F.S.A.
The record before us clearly demonstrates that the evidence was more than ample to warrant the instant convictions beyond and to the exclusion of any reasonable doubt.
The other arguments and contentions of the appellants have been considered and found to be without merit.
For the reasons set forth above, the lower court is hereby
Affirmed.
LILES, C. J., and ALLEN, J., concur.