368 So.2d 606 (1979)
Orlando HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2158.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied April 5, 1979.
Orlando Hernandez, in pro. per.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Petitioner, Orlando Hernandez, appeals the summary denial of his motion to vacate judgment and sentence pursuant to Fla.R. Cr.P. 3.850. We reverse.
For the second ground in his motion to vacate, Hernandez alleged that the prosecutor knowingly used the perjured testimony of the victim and the investigating police officers with respect to material matters.
The law is well established that the willful use of false testimony upon material matters from prosecution witnesses by the prosecutor known by the latter to be perjured testimony is a recognized ground for relief from judgment. Bogan v. State, 211 So.2d 74, 77 (Fla. 2d DCA 1968).
After a review of Hernandez's motion for relief from judgment on the above ground and the documentary evidence in support thereof (i.e. the transcripts of testimony of his trial and the separate trial of his co-defendants made available to this court), we conclude that Hernandez has made a prima facie showing for relief and is entitled to a full evidentiary hearing thereon. Nevertheless, this determination is in no way to be construed as passing upon the merits with respect thereto.
We find no error in the summary denial of the instant motion to vacate on the first ground alleged.
Accordingly, the cause is remanded to the trial court to hold an evidentiary hearing on the motion concerning the allegations of the use of perjured testimony. See Fla.R. App.P. 9.140(g) and Bogan v. State, supra.
Affirmed in part and reversed in part.