SHIVERS, Judge.
Porterfield moved for post-conviction relief pursuant to Fla.R.Cr.P. 3.850 alleging prosecutorial misconduct on the part of the assistant state attorney for his failure to correct false evidence by a key witness for the prosecution with respect to whether the witness received any promises in return for his testimony. The trial court summarily denied Porterfield’s motion. We reverse.
The law is well established that the willful use of false testimony upon material matters from state witnesses by the prosecutor, known by the latter to be perjured testimony, is a recognized ground for relief from judgment. Bogan v. State, 211 So.2d 74, 77 (Fla. 2d DCA 1968). The same result obtains when the state, although not soliciting false evidence, allows it to go uncorrected when it appears. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The principle that a state may not knowingly use false evidence does not cease to apply merely because the false testimony goes only to the credibility of the witness. Id.
After review of Porterfield’s motion for relief and the evidence in support thereof, i.e., affidavits and letters to the effect that the key witness at Porterfield’s trial did receive promises from the state attorney’s office in return for his testimony, we conclude and hold that Porterfield has made a prima facie showing for relief. See Hernandez v. State, 368 So.2d 606 (Fla. 3d DCA 1979). Accordingly, the cause is remanded to the trial court to either attach that portion of the files and records which would conclusively show that Porterfield is not entitled to relief or to hold an evidentia- *1064 ry hearing on this matter. See Pla.R.Cr.P. 3.850.
REVERSED and REMANDED.
BOOTH and LARRY G. SMITH, JJ„ concur.