PER CURIAM.
Monson appeals the order of the trial court denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm in part, reverse in part, and remand for an evidentiary hearing.
*1062 Appellant’s pro se 3.850 motion and memorandum of law raised several issues, however, only issues one and two are facially sufficient. In issue one, Monson alleges ineffective assistance of counsel based on his trial counsel’s conflict of interest. Appellant alleges that the Public Defender’s Office was initially appointed to represent both Monson and a codefendant, Donnie Washington. Because a conflict of interest existed between appellant and Washington, the trial court eventually appointed Russell Cole to represent appellant. Monson alleges, however, that Cole is also an Assistant Public Defender and, further, that Cole also represents the owner of the liquor store that appellant allegedly robbed.
Ineffective assistance of counsel is a well-recognized ground for relief under Rule 3.850. See, e.g., Brown v. State, 409 So.2d 129 (Fla. 5th DCA 1982). The Sixth Amendment right to the assistance of counsel contemplates legal representation that is effective and unimpaired by the existence of conflicting interests being represented by a single attorney. Foster v. State, 387 So.2d 344 (Fla.1980). Where a conflict of interest exists between two defendants, the defendants should not be represented by Assistant Public Defenders in the same circuit. Babb v. Edwards, 412 So.2d 859 (Fla.1982).
In issue two, Monson alleges that the prosecutor in this case knowingly and willfully used perjured testimony in order to obtain appellant’s conviction. The allegations of the motion and attached affidavits indicate that appellant’s co-defendant, Washington, was told by the prosecutor that he (Washington) would receive a five year sentence if he changed his story to falsely inculpate Monson or, conversely, a life sentence if he did not.
The willful use of false testimony upon material matters from prosecution witnesses where the prosecutor knows that the testimony is perjured constitutes a recognized ground for relief under Rule 3.850. Porterfield v. State, 442 So.2d 1062 (Fla. 1st DCA 1983); Hernandez v. State, 368 So.2d 606 (Fla. 3d DCA 1979).
The trial court denied appellant’s 3.850 motion without an evidentiary hearing. The trial court’s order denying appellant’s 3.850 motion states that the motions, files and records in the case conclusively show that appellant is entitled to no relief. The trial court, however, did not attach to its order, as required by Rule 3.850, those portions of the files and records which conclusively show that appellant is entitled to no relief. Upon being given an opportunity to do so by this court, the trial court did not produce such portions of the files and records. Therefore, since issues one and two of appellant’s motion allege facts which, if true, would entitle appellant to relief, the trial court’s order is reversed and the cause remanded for an evidentiary hearing on these two issues. The trial court’s order is affirmed insofar as it denies relief based on appellant’s other issues, since these allegations are facially insufficient.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.