OTT, Judge.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised two points in the motion. In paragraph two he alleges that certain testimony adduced at trial was perjured and that the state was aware, at the time, that the testimony given was perjured. Attached to appellant’s motion in support of this allegation were depositions of two individuals who had encountered the witness who allegedly committed perjury while the three were incarcerated in the Reception Medical Center, Lake Butler. According to the depositions, the witness had related to both individuals that he had never met appellant, had no direct knowledge concerning appellant’s case, and had become familiar with the case through newspaper accounts. The witness told the individuals he agreed to testify against appellant as part of a bargain with the state. The state promised the witness a more favorable sentence in exchange for the witness’s damaging testimony. An affidavit of a prisoner in the Pasco County Jail told of a similar encounter with the witness. The allegation that perjured testimony was used with the state’s knowledge, if true, may entitle appellant to relief. See Rayburn v. State, 203 So.2d 212 (Fla. 2d DCA 1967), appeal after remand, 216 So.2d 791 (Fla. 2d DCA 1968); Presley v. State, 347 So.2d 731 (Fla. 4th DCA 1977). The trial court, however, failed to either conduct an evidentiary hearing or attach portions of the record which refute that allegation.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegation specified, and attach to its order those portions of the record which conclusively show appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the ground alleged in the above portion of the motion. See Fla.R. Crim.P. 3.850. See also Lofton v. State, 442 So.2d 1091 (Fla. 2d DCA 1983), and Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
The trial judge was correct in denying the appellant’s motion as to the other point raised therein.
*183 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
GRIMES, A.C.J., and SCHEB, J., concur.