467 So.2d 819 (1985)
Jerry Layne ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-187.
District Court of Appeal of Florida, Fifth District.
April 25, 1985.
*820 Jerry Layne Rogers, Starke, pro se.
No appearance for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from an order summarily denying post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Rogers' motion for post-conviction relief essentially raised three claims for relief: 1) trial errors, 2) use of perjured testimony, and 3) ineffective assistance of counsel.
Post-conviction proceedings may not be used as a vehicle to raise for the first time issues which were or could have been litigated on direct appeal. Raulerson v. State, 462 So.2d 1085 (Fla. 1985); Jones v. State, 446 So.2d 1059 (Fla. 1984); Hitchcock v. State, 432 So.2d 42 (Fla. 1983). The trial errors alleged by Rogers are matters which were or could have been raised on direct appeal. The trial court, therefore, was justified in not granting an evidentiary hearing on these claims. See Hitchcock, 432 So.2d at 43.
However, a defendant may be entitled to post-conviction relief if perjured testimony at trial was used with the state's knowledge. See Young v. State, 453 So.2d 182 (Fla. 2d DCA 1984); Monson v. State, 443 So.2d 1061 (Fla. 1st DCA 1984). Likewise, ineffective assistance of counsel is a well-recognized ground for relief under rule 3.850. Monson, 443 So.2d at 1062; Allen v. State, 427 So.2d 280 (Fla. 2d DCA 1983); Brown v. State, 409 So.2d 129 (Fla. 5th DCA 1982). Here, Rogers' claims of perjured testimony and ineffective assistance are sufficient on their face, and if true, may entitle Rogers to post-conviction relief. Accordingly, the portion of the order pertaining to these claims is reversed and the cause remanded to the trial court. On remand, the trial court may either again summarily deny the motion as to these allegations and attach to its order those portions of the record which conclusively show that Rogers is not entitled to relief, or hold an evidentiary hearing and then rule on these allegations. See Fla.R. Crim.P. 3.850; Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.