WIGGINTON, Judge.
Sims appeals the summary denial of his motion for post-conviction relief. In his motion, Sims complains that he was denied effective assistance of counsel and that the State used perjured testimony. As grounds for his allegation of ineffective assistance of counsel, Sims set forth facts showing that he was originally charged by information with entering or remaining in a conveyance with the intent to commit theft while armed with a pistol. According to Sims, on the day of the trial, June 9, 1982, following testimony given by the owner of the automobile and during a recess, the State was permitted to amend the information to add a second count charging possession of a firearm by a convicted felon. Sims does not allege that his attorney failed to move for a continuance, but that he had inadequate time to prepare a defense to the amended information. Further, Sims alleged that he was prejudiced by his attorney’s remaining outside the courtroom longer than the recess, during which the information was amended. Finally, Sims maintains that one of the State’s witnesses committed perjury by testifying that she had known Sims all of her life, whereas he states that she never saw him outside of the courtroom. He also claimed that the witness was employed by the “clerk of court’s office” and had aided the prosecutor in preparing the amended complaint during the court’s recess.
Sims was acquitted by the jury of the charge of entering or remaining in a conveyance, but was found guilty of possession of a firearm by a convicted felon.
In its order summarily denying Sims’ motion, the trial court attempted to explain the sequence of events leading to the amendment of the information. However, the order is not clear on that point and dismissed the argument regarding the alleged perjury without comment." Since appellant was convicted of the offense charged by the newly added count II, we cannot say that appellant was not prejudiced. Moreover, Sims may be entitled to post-conviction relief if perjured testimony was used at trial with the State’s knowledge. Monson v. State, 443 So.2d 1061 (Fla. 1st DCA 1984).
Accordingly, the order is REVERSED and the cause is REMANDED for attachment of those portions of the file or record which conclusively show that the defendant is entitled to no relief, or for the court to hold an evidentiary hearing.
SHIVERS and WENTWORTH, JJ„ concur.