UPCHURCH, Judge.
This is an appeal from an order denying post-conviction relief under Florida Rule of Criminal Procedure 3.850. This same motion has been before this court previously after denial by the trial court.
In Rogers v. State, 467 So.2d 819 (Fla. 5th DCA 1985), this court affirmed the denial of the motion as to alleged trial errors, but held that Rogers’ claims based on allegations of perjured testimony and ineffective assistance of counsel were sufficient on their face and, if true, may entitle him to post-conviction relief. Accordingly, this court reversed and remanded as to those claims, providing that the trial court could summarily deny the motion and attach portions of the record which conclusively show Rogers is not entitled to relief or hold an evidentiary hearing and then rule on the motion.
From the record before us, the trial judge was apparently unaware that the case had been remanded for reconsideration and therefore did not comply with the directions of the mandate. The motion was again summarily denied without attaching any portions of the record or holding an evidentiary hearing.
We again reverse and remand with directions to the trial court to hold an eviden-tiary hearing or to attach such portions of the record which conclusively show that Rogers’ claims of perjured testimony and ineffective assistance of counsel do not entitle him to relief.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.